STATE of Missouri, Respondent,

v.

A. M. BATES, Appellant.

No. 53954.

Supreme Court of Missouri
Division No. 2.

April 14, 1969.

As Modified on Court's own Motion for Re-
hearing or for Transfer to Court En
Banc Denied April 14, 1969.

John C. Danforth, Atty. Gen., Gene E.
Voigts, Asst. Atty. Gen., Jefferson City, for
respondent.

Robert G. Duncan, Lewis E Pierce,
Pierce & Duncan, Kansas City, for appel-
lant.

STOCKARD, Commissioner.

Defendant was found guilty by a jury of
tampering with a motor vehicle in viola-
tion of § 560.175, RSMo 1959, V.A.M.S.
He was sentenced to imprisonment for a
term of three years and the payment of a
fine of $100, and he has appealed.

The contention on this appeal is that
the trial court erred in denying his motion
for judgment of acquittal because (1) the
verdict was not supported by substantial
or sufficient evidence to establish the
corpus delecti, and (2) the evidence did
not establish that defendant tampered with
the automobile alleged in the information
or the automobile mentioned in the evi-
dence.

The information charged that on Sep-
tember 9, 1967, defendant wilfully, unlaw-
fully and feloniously tampered with "a
certain motor vehicle, to wit: 1963 Ford
Galaxie four-door sedan, *the property of
Tall Paul Ford Company, Inc.,* by remov-
ing both front fenders * * * [and]
front bumper * * * from said motor
vehicle without the permission to do so
from Tall Paul Ford Company, Inc.
* * *."

Defendant presented no evidence, and we
shall set forth the state's evidence favora-
ble to the verdict.

Mr. Edwin Nelson contracted with Mr. William Wood to sell him some property consisting of approximately one acre with several buildings located on it, one of which was a garage. Before Mr. Nelson delivered possession of the property he discovered in the garage a 1963 "reddish" colored four-door Ford Galaxie sedan, and he notified the Highway Patrol.

Mr. Edgar J. Miller testified that he was the business manager of *Paul's Ford Sales, Inc.* He identified a copy of a certificate of title issued by the State of Missouri to John F. Hannigan, Sr., for a 1963 four-door Ford Galaxie sedan with manufacturer's number 3O62X127721. On the reverse side there was shown an "Assignment of Title" from Mr. Hannigan to "Paul's Ford Sales, Inc." Mr. Miller testified that on September 9, 1957, "Paul's Ford Sales" was the owner of the vehicle described in the certificate of title, that it was maroon colored and had been stolen, and that he had not given anyone permission to take the vehicle or remove any parts from it.

Highway Patrolman Bob Beard maintained a "stakeout" at the Nelson property on the evening of September 8, 1967. He saw a Cadillac enter the premises and two men, one of whom was the defendant, enter the garage. They remained in the garage all night and he heard the sounds of sawing of wood, hammering of nails, the banging of metal, and the sound of an impact wrench. The next morning defendant and his companion (which was William Wood who had contracted to purchase the property from Mr. Nelson), placed some parts of a motor vehicle into the Cadillac and drove away. Trooper Beard followed them, and with the help of other Highway Patrolmen, stopped the Cadillac, and arrested the defendant. In the Cadillac there was a maroon colored right front fender and a front bumper for a 1963 Ford. Mr. Nelson testified that the fender was the "same color" as the Ford he saw in the garage, and that the fender "looks like the same one that was on the car" he saw in the garage. Mr. Miller testified that the

color of the fender was "similar" to that of the stolen 1963 Ford Galaxie. In defendant's hip pocket the patrolmen found a metal strip which had stamped thereon the number 3D62X127721, which Mr. Miller said was an automobile serial number and that "those are the serial numbers on a car we owned which was stolen from our property." Mr. Miller also explained that the first digit of the serial number referred to the "year model," in this case to 1963; the first letter designated the plant in which the automobile was made; the next two numbers designated "body type;" the next letter indicated the "type engine;" and that "the remaining six numbers are peculiar to the particular car that it is on."

The fender, bumper and the serial number plate were introduced in evidence and were before the jury for inspection. The jury members could see whether they contained marks indicating that they had been removed from an automobile.

We note that although it was alleged in the information that the 1963 Ford Galaxie with which defendant was accused of tampering was the property of Tall Paul Ford Company, Inc., the proof was that it was the property of Paul's Ford Sales, Inc. There was no testimony that these two corporations were one and the same, or that either was known by the other name. However, § 546.080, RSMo 1959, V.A.M.S., provides that whenever it shall appear that there shall be "any variance between the statement in the * * * information and the evidence offered in proof thereof, * * * in the ownership of any property named or described therein, such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." The trial court made no such findings. We note also that in the verdict directing instruction the reference is to a "1963 Ford Galaxie four-door sedan, the property of Tall Paul Ford Company." De-

fendant presents no issue on this appeal pertaining to the instruction.

 The evidence in this case is circumstantial, and in such situation " 'the facts and circumstances relied upon by the State to establish guilt must not only be consistent with each other, and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence.' " State v. Burton, Mo., 357 S.W.2d 927. See also State v. Aguilar, Mo., 429 S.W.2d 754. In our determination of the sufficiency of the evidence to support the verdict, "all of the substantial evidence offered by the State is taken as true, together with all reasonable inferences to be drawn therefrom, and by substantial evidence is meant 'evidence from which the triers of the fact reasonably could find the issue in harmony therewith.' " State v. Whitaker, Mo., 275 S.W.2d 316, 319.

When analyzed according to the above rules, the evidence reveals the following. A 1963 maroon colored four door Ford Galaxie with an identifying number of 127721, which was peculiar to that vehicle, belonged to Paul's Auto Sales, Inc., and during the week of September 2 to 9 of 1967, it was stolen. On September 4, Mr. Nelson saw a 1963 "reddish" colored four door Ford Galaxe in a garage on his property, and he notified the police. About ten o'clock of the evening of September 8, 1967, defendant entered that garage and remained there until six o'clock the following morning. During that time noises were heard coming from the garage which indicated that work of some kind was being done on an automobile. The next morning defendant came out of that garage carrying a maroon colored right front fender and a front bumper for a 1963 Ford Galaxie and placed them in another automobile and drove away. Within a few minutes after defendant emerged from the garage where there was an automobile which matched the stolen automobile as to make, model, color and year, defendant had on his person an automobile metal serial number plate on which was stamped the number "peculiar" to the stolen automobile.

 Defendant's contention is, in effect, that these facts and circumstances are not inconsistent with the possibility that defendant may have removed the fender from some automobile other than the one referred to in the evidence. We consider this contention to be unreasonable in view of the fact that the fender matched the stolen automobile in every respect, and defendant had on his person the metal strip containing the identifying number of the stolen automobile. The fact that the letter "D" had been typed on the certificate of title as an "O" did not destroy the circumstance and the permissible inference. It was not a part of the serial number that was "peculiar" to he particular automobile, and at most it constituted a minor discrepancy which could have been argued to the jury for what it was worth.

 The circumstances in this case are inconsistent with defendant's innocence. The circumstances are not of themselves conclusive, and they need not demonstrate an absolute impossibility of innocence. 23 C.J.S. Criminal Law § 907, p. 578; State v. Aguilar, Mo., 429 S.W.2d 754, 757. However, when considered together with the permissible inferences they point so clearly and satisfactorily to defendant's guilt so as to exclude every reasonable hypothesis of innocence. As noted in State v. Boothe, Mo., 364 S.W.2d 569, it is not necessary that the circumstances "exclude every unreasonable hypothesis" of innocence.

In addition to the sentence of imprisonment, the jury also assessed a fine of $100 which was contrary to the provisions of § 546.470, RSMo 1959, V.A.M.S., and therefore void and of no effect.

That portion of the judgment imposing the sentence of the fine is reversed, and the remainder of the judgment imposing a sen-

tence of imprisonment in the penitentiary for a term of three years is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.