STATE of Missouri, Respondent,

v.

Benny WROSE, Appellant.

No. 55851.

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied March 8, 1971.

———◆———

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Cottingham, Williamson, Gibson & Leonard, J. D. Williamson, Jr., Independence, for appellant.

LAURANCE M. HYDE, Special Commissioner.

Defendant has appealed from a judgment of conviction for burglary and stealing in connection with a burglary. He was sentenced to two years on each charge; sentences to run consecutively. The issues raised are unlawful search and seizure, improperly selected jury panel, insufficient evidence, error in giving Instruction 8 and improper statement in the prosecuting attorney's closing argument. We affirm.

The charge on which defendant was convicted was breaking into and stealing articles of clothing from the store of Mrs. Scott Lowman in Smithville, Clay County, Missouri, sometime on Sunday morning, October 26, 1969. Before the trial a hearing was held on defendant's motion to suppress evidence, being articles of clothing and tools taken from a red Ford car in front of the apartment building in which defendant lived, claiming unlawful search and seizure. It was shown that, about 9:30 a. m., three police officers in separate cars arrived in front of the building after receiving a call about articles being carried out of the building by prowlers. One of the officers (Leap) proceeded to the rear of the building, saw defendant and one Cooper leaving the rear of the building. He asked them if they were using the red Ford parked in front of the building and they said they were. He told them why the officers were there and asked them to come to the front of the building so their records could be checked. When they did so, it was found by radio check there were warrants for their arrest on municipal ordinance violations. They were arrested and put in the paddy wagon one of the officers was driving.

From the outside, the officers could see through the windows of the red Ford apparently new men's clothing piled on the rear seat and a pry bar on the rear floor. They could see that price tags had been partially torn off some of the clothing with parts still attached. The keys were in the car and the officers took them and opened the trunk. They found in it a pair of bolt cutters, a screw driver, several pairs of gloves and some dirty work clothing. Price tags showed the clothing came from the store of Mrs. Lowman in Smithville. After defendant was taken to the police station and informed of his rights he signed a waiver for a search of his room in the apartment building and more clothing from the Lowman store was found there. Defendant told the officers he bought the clothing from a man called Victor he had seen on the streets at various times but did not know his last name. He also said the clothing belonged to Cooper. The red Ford, which belonged to one Davis, had defendant's license plate on it, taken from a car defendant had previously owned. Defendant had borrowed the red Ford from Davis on October 25th and said he returned it to Davis the next day. There was also testimony of Davis that it was returned on Monday, October 27th.

■ Defendant relies on Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685, which involved the search of the home of the defendant in that case; and Preston v. United States, 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777, which has been strictly limited in its application by Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. Defendant argues the officers were given a reasonable explanation for the presence of defendant and Cooper at that time and place; that they had no report of any crime of burglary or stealing; and that their arrest was on the basis of outstanding warrants unconnected with any crime of burglary or stealing. Defendant's contentions overlook the fact that the officers could see from the outside of the car a large amount of clothing with partially torn off price tags which the officers knew defendant and Cooper had been seen carrying out of the building and a pry bar which is generally known to be used in burglaries. The officers also knew that when they came defendant and Cooper had tried to leave through the rear of the apartment building.

Our view is that these facts gave the officers reasonable grounds for looking into the car trunk. Defendant cites State v. Meeks, No. 55115, now transferred to Banc on a dissenting opinion, but in that case the search was not based on anything the officer could see from outside the car searched. We consider the search in this case was justified by the principles stated in Mace v. State, 458 S.W.2d 340; State v. Smith, Mo., 462 S.W.2d 425; and Chambers v. Maroney, supra; see also Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 1635, 10 L.Ed.2d 726, and State v. Watson, Mo. Sup., 386 S.W.2d 24.

■ Defendant claims an unlawfully selected jury panel in failing to comply with §§ 495.070, 495.080, and 495.090. The claimed failure to comply was that the cards on which the jurors' names were written were in bags for each township instead of a wheel or box; and that separate panels were drawn for each division of the court instead of one panel for all divisions. Defendant cites State v. Rouner, 333 Mo. 1236, 64 S.W.2d 916, 92 A.L.R. 1099, annotation 1115(5); State v. McGoldrick, 361 Mo. 737, 236 S.W.2d 306; State v. Emrich, 361 Mo. 922, 237 S.W.2d 169. This claim of failure to follow statutory procedure was first made in defendant's motion for new trial. In Emrich and McGoldrick the issue was raised by motion to quash the jury panel before the trial began. In Emrich (237 S.W.2d 1. c. 172) it is said: "[W]hile irregularities in the drawing of a jury panel often may be overlooked, yet the law is stricter when the members of the jury panel were drawn by a party not authorized by law to do so." No such claim is made in this case. In Rouner (64 S.W.2d 1. c. 918) the court noted: "[S]tatutes relating to jurors are directory only and that this court will not interfere unless some prejudice to the defendant from a lack of compliance with the provisions of the statute may be inferable from the circumstances." Rouner (64 S.W.2d 1. c. 921) recognized the rule "that an objection to the manner of selecting or summoning a jury comes too late when made for the first time in the motion for a new trial." However, it was held in that case the defendant's earlier "want of knowledge was reasonable and excusable in view of the manner in which the panel was drawn, not publicly and in open court, but privately in a closed office."

In this case before the trial began defendant had the information (which is the basis of his complaint) about the jurors' cards being kept in and drawn from bags for divisions for the term. The circuit clerk described the methods used when he was called as a witness by defendant's counsel on his challenge to the array on the ground of systematic exclusion of Negroes from the jury panel. However, it was shown that Negroes served on juries in Clay County; that the population was about 2,500 colored and 125,000 to 150,000 white, and that Negroes were not excluded. The court offered to get some colored people on the jury panel and the prosecuting attorney agreed to that but defendant did not accept the offer and does not raise any issue about it in his brief on this appeal. Defendant went to trial without raising any issue about selecting the jury by the method the clerk described. Thus the reason for considering the issue of improper jury selection first raised in the motion for new trial in the Rouner case does not exist here and defendant's claim of unlawful selection of the jury first made in his motion for new trial is denied.

■ Defendant on his claim of insufficient circumstantial evidence to support his conviction cites State v. Duncan, 330 Mo. 656, 50 S.W.2d 1021; State v. Rogers, Mo. Sup., 380 S.W.2d 398; State v. Castaldi, Mo.Sup., 386 S.W.2d 392, holding existence of facts and circumstances which create a suspicion of guilt are not sufficient to sustain a conviction. The facts shown here do more than that. On October 31, 1969, defendant was found in possession of the clothing stolen from the Lowman store in Smithville on October 26, 1969. It was also shown that on the weekend of October 25–

27, 1969, when the burglary of the store was committed, defendant had the car, in which the police found this clothing loaded in front of defendant's apartment. Moreover, the bolt cutters found in the car, which the car owner said were not his, were directly connected with the burglary by a police examiner's laboratory tests. His testimony was that microscopic examination of the bolt cutters and the wire mesh screen, through which entrance to the Lowman store was made by cutting the screen, showed the same striations on the cuts on the screen as were made by the bolt cutters on other material used in his laboratory. From his tests, with microscopic photographs made during these tests, he stated his opinion that "the bolt cutters were used to make these cuts on this wire." His microscopic photographs on which his opinion was based were received in evidence. In determining the sufficiency of the evidence to support the verdict, the evidence and reasonable inferences therefrom must be viewed in the light most favorable to the State and evidence and inferences to the contrary disregarded. State v. McClinton, Mo.Sup., 418 S.W.2d 55; State v. Holmes, Mo.Sup., 434 S.W.2d 555. The circumstances "need not demonstrate an absolute impossibility of innocence." State v. Aguilar, Mo.Sup., 429 S.W.2d 754, 757. The applicable rule is " 'the facts and circumstances relied upon by the State to establish guilt must not only be consistent with each other, and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence.' " State v. Phillips, Mo.Sup., 452 S.W.2d 187, 189; see also State v. Bates, Mo.Sup., 439 S.W.2d 161, 163. We hold the evidence was sufficient to make a submissible case.

■ Defendant claims error in giving Instruction No. 8 which was as follows: "The Court instructs the Jury that by the term 'breaking into' is meant gaining an entrance to the premises described, by the use of any force whatsoever, however small, with the intent to commit a felony therein after gaining such an entrance. The mere lifting of a latch or turning a lock and opening a door or window not otherwise fastened and which was kept in its place by its own weight is in legal contemplating 'breaking into' and thus a burglary."

Defendant claims the second sentence was inconsistent with the evidence hypothesizing facts not in evidence, cast undue emphasis on the fact that a burglary had been committed and tended to inflame the jury and increase their impression of the severity of the crime. This was a correct defining of "breaking into" as part of the offense of burglary and was not an instruction hypothesizing facts to be found by the jury. In State v. Davis, Mo.Sup., 367 S.W.2d 517, 520, we said of a similar contention: "Defendant complains that instruction 1 was misleading and confusing in that it hypothesized that defendant 'did forcibly attempt to break into and enter a certain drugstore' and thereafter told the jury that to constitute such attempted breaking, no particular amount of force was necessary. Apparently defendant's idea is that there is something inconsistent in requiring the jury to find that defendant forcibly attempted to break into and enter a drugstore and then direct the jury that no particular amount of force need be used in that attempt. The instruction correctly told the jury that the use of any amount of force constituted a forcible attempt to break in and there was nothing inconsistent or improper in such a direction." We hold there was no prejudicial error in giving this instruction.

■ Defendant also claims error in not sustaining his objection to the following statement in the closing argument of the prosecuting attorney: "He mentions, well how come there aren't any fingerprints on these bolt cutters? Well, I'll tell you why, the logical inference you can look to, professionals don't leave fingerprints anywhere, and it's very difficult even on a flat

surface to get good prints. But you can also take into consideration does a professional leave a fingerprint around, does he leave a calling card? * * *" Defendant's objection was that there was no evidence that defendant was a professional criminal. Responding to this objection, the court said: "I think the jury will understand its argument." The State says its statement was retaliatory in nature and we find the matter of fingerprints was twice argued by defendant's counsel, first by saying that the State's expert did not testify there were any fingerprints of defendant on the bolt cutters and later by asking "why didn't we hear some evidence about fingerprints" and "why wasn't there some evidence as to fingerprints." The State was certainly entitled to answer that argument and no motion to strike, for a mistrial, or to instruct the jury to disregard any part of the statement was made. The State made no further statement about fingerprints and the court's comment about considering the statement as argument limited its effect. Defendant says the reference to professionals was damaging because the jury had heard evidence that he and Cooper had been arrested on outstanding warrants before the police searched the car, but the offenses for which the warrants were issued were not before the jury because of defendant's objection.

Defendant cites State v. Baber, Mo.Sup., 297 S.W.2d 439; State v. Mobley, Mo.Sup., 369 S.W.2d 576; State v. Nickens, Mo.Sup., 403 S.W.2d 582. In Baber, the prosecution's argument charged the defendant "with the commission of a separate crime when there was no evidence of the commission by appellant of that crime." 297 S.W.2d 1. c. 442. In Mobley, the State "repeatedly referred to defendant's character

and almost continuously appealed to the jury to convict him because of his past record." We said "[C]ounsel's motions to strike, and for instructions to the jury, and for a mistrial should have been sustained." 369 S.W.2d 1. c. 580. In Nickens, evidence of prior convictions "was admitted * * * solely on the issue of defendant's mental condition and was not to be considered by the jury as any evidence of his guilt." 403 S.W.2d 1. c. 588. Therefore, it was held error to argue it for the purpose of guilt and punishment. "[T]he trial court has considerable discretion in acting on retaliatory statements and the appellate court must rely to some extent upon this discretion." State v. Cusumano, Mo.Sup., 372 S.W.2d 860, 866 and cases cited; see also State v. Gratten, Mo.Sup., 375 S.W.2d 179, 182, affirming judgment of conviction because "it does not plainly appear that the retaliatory phase of the argument was so manifestly inflammatory as to outweigh the right to reply." Likewise, in State v. Tehee, Mo.Sup., 445 S.W.2d 285, 287, the defendant's claim of improper argument by the state was overruled by this court for that same reason. In this case, the court having informed the jury that the prosecuting attorney's statement about professionals was only argument, we consider this a matter within his discretion and in the absence of a request for any other action we hold there was no prejudicial error.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.