**STATE of Missouri, Plaintiff-Respondent,**

v.

**Timothy DEES, Defendant-Appellant.**

**No. 42833.**

Missouri Court of Appeals, Eastern District, Division One.

March 16, 1982.

Motion for Rehearing and/or Transfer Denied April 16, 1982.

Application to Transfer Denied May 17, 1982.

James J. Knappenberger, Douglas L. Levine, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Mark W. Comley, Kristie Green, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant appeals from a judgment entered pursuant to a jury verdict that found him guilty of burglary in the second degree. He claims that the trial court erred in: 1) overruling his motion to suppress evidence; 2) giving an instruction which contained elements of a crime that were not part of the crime charged; 3) refusing to give an instruction offered by defendant with respect to the failure of the State to call certain witnesses; 4) allowing the State to ask questions pertaining to the defendant's post-arrest silence; 5) allowing hearsay testimony relating to arresting officer receiving consent to enter premises; 6) allowing prejudicial remarks by the State that bore on the defendant's character; 7) refusing to allow impeachment of the State's witness by showing previous arrest; and 8) overruling his motion for mistrial based upon improper comments by the State in closing argument.

Defendant does not question the sufficiency of the evidence to sustain the conviction. We briefly set out the facts in the light most favorable to the State.

Sometime after midnight on March 16, 1979, defendant broke into Floyd's Auto and Home Supply in St. John, Missouri and stole a ten dollar bill, a five dollar bill and 36 one dollar bills. The burglar alarm was activated when defendant broke in and police officers arrived at the scene as defendant was emerging from the building. Defendant fled the scene. His car was found

about 80 feet from the rear of Floyd's. He was apprehended later that morning at the home of Harry Hicks, a friend, with a ten dollar bill, a five dollar bill and 36 one dollar bills on his person.

Defendant, in his own behalf, testified that he was playing poker in Overland, Missouri, at the home of two friends at the time of the burglary. His testimony was corroborated by the two friends. Defendant explained that he abandoned his car near the scene of the burglary because the car stalled and he could not get it started and went to Hicks' to spend the night. Additional facts will be set out when necessary to the determination of specific issues.

Defendant first claims that the court erred in denying his motion to suppress evidence of the items found upon defendant because they were the result of an illegal arrest and consequently an illegal search. Defendant seems to base his contention upon the fact that Officer Myers entered the house where defendant was found without a warrant.

When Officer Perry Myers reported for duty in the early morning of March 16, he was assigned the further investigation of the burglary. He obtained a description of the suspect, learned that he had fled the scene in a northeasterly direction toward Endicott Avenue, and that defendant's automobile was found near the scene blocking a driveway.

Officer Myers had previously seen defendant in the vicinity driving the car that was found near the crime scene. He had stopped defendant on one occasion and asked defendant what he was doing in St. John. Defendant told the officer that he was visiting the family of a friend, the Hicks on Endicott Street.

The description of the suspect given to Officer Myers fit the defendant, the car found at the scene was that of defendant and the suspect had run in the direction of the Hicks' home. With this information, Officer Myers went to the Hicks' home.

Harry Hicks' grandfather met the officer at the door. Officer Myers asked if defendant was inside. He was told that defendant had arrived out of breath at about 2:00 AM and that he was sleeping in the basement. Harry Hicks' grandfather then gave Officer Myers permission to enter the house and directed the officer to defendant in the basement. Officer Myers placed defendant under arrest and took him to the police station where he was searched and booked. During the inventory of defendant's possessions the money was found.

■ The evidence on the motion to suppress clearly establishes that Officer Myers was given consent to enter and search for the defendant by Harry Hicks' grandfather, an occupant of the house. Defendant was an overnight guest in the house and even if he had standing to raise the issue of the legality of the search, Mr. Hicks' grandfather could authorize the entry and search. *State v. Gailes*, 428 S.W.2d 555 (Mo.1968).

■ Defendant also challenges the arrest because there was no probable cause for the officer to make the arrest. As stated above, a crime had been committed; Officer Myers was able to discern a clear similarity between the fleeing burglar and defendant whom he had known; the officer recognized defendant's car that was parked in close proximity to the crime scene. Officer Myers had probable cause to arrest defendant. *State v. Robinson*, 484 S.W.2d 186, 189 (Mo.1972).

■ The money found on defendant's person was admissible because it was found as a result of defendant's lawful arrest and part of the routine booking process. *State v. Hohensee*, 473 S.W.2d 379 (Mo.1971).

The State argues that defendant's next point relied on does not comply with the provision of Rule 30.06(d), Rules of Criminal Procedure. The point relied on reads as follows:

"The trial court committed prejudicial error in giving jury Instruction No. 6,

offered by the State, for the reason that said instruction contained elements of a crime not part of the crime charged against defendant and thus said instruction was improper as well as confusing."

■ The State correctly points out that the point does not tell us with any degree of specificity wherein and why the court erred. Defendant has presented nothing for our review.

We have nevertheless reviewed the argument portion of the brief to learn that defendant evidently complains of the definition of the crime of stealing given within the verdict directing instruction. The definition reads as follows:

"A person commits the crime of stealing if he appropriates property or services of another with the purpose of depriving him thereof, either without his consent *or by means of deceit or coercion*." MAI–CR2d 33.01. (Emphasis added)

Defendant directs our attention to Notes on Use 5 of MAI–CR2d 33.00 which reads:

"5. The definitions must be accurate, but no definition should contain portions not applicable to the facts of the particular case. However, the prejudicial effect of the inclusion of unnecessary portions of a statutory definition will be judicially determined."

■ Neither "deceit" nor "coercion" are applicable to the facts of this particular case. Inclusion of those terms is error. We must therefore determine the prejudicial effect of this error. Notes on Use 5 of MAI–CR2d 33.00.

Defendant contends that the failure to delete the inapplicable phrase "raises in the mind of the jury a question of defendant's character i.e. as being [deceitful] and/or coercive."

Although *State v. Wrose*, 463 S.W.2d 792 (Mo.1971) antedates MAI–CR2d, it does provide some guidance in our determination here. In *Wrose* defendant had forcibly attempted to break into a store using bolt cutters to cut a heavy wire mesh screen. Defendant complained of that portion of the definition of "breaking into" that included a statement that the "mere lifting of a latch or turning a lock or opening a door or window not otherwise fastened . . ." constituted "breaking into." As in this case defendant claimed that the above portion of the definition was not consistent with the evidence and that it hypothesized facts not in evidence.

The court held that the questioned portion of the instruction was not prejudicial in that it was a correct definition of "breaking into" and that portion of the instruction did not hypothesize facts to be found by the jury. *State v. Wrose, supra* at 795.

In the case at bar the definition of stealing is the statutory definition, § 570.030 RSMo 1978, and the definition contained in MAI–CR2d 33.01; it did not hypothesize facts. The facts to be found by the jury were properly hypothesized in the instruction. The jury could not have been misled. We find no prejudice.

■ Defendant's third point is also deficient in its failure to comply with Rule 30.06(d). From his argument it appears that defendant complains of the court's failure to give a "not in MAI–CR2d" instruction to the effect that the jury could assume that the testimony of witnesses listed but not called by the State would be unfavorable to the State. The specific issue has been ruled adversely to defendant's contention and needs no further discussion here. *See State v. Parker*, 543 S.W.2d 236, 245 (Mo.App.1976) and *State v. Brooks*, 567 S.W.2d 348, 351 (Mo.App.1978).

Defendant next contends that the court erred in permitting the State to ask questions of a witness with respect to defendant's post-arrest silence and in permitting the State to comment upon defendant's post-arrest silence as violative of his right to remain silent.

The defendant notified the State that he would rely upon the defense of alibi. In

the cross-examination of Officer Myers, the defense asked the officer if defendant told him where he obtained the money found on the defendant. The officer answered in the affirmative. Defendant then asked "[w]hat did he say." The answer was, "[h]e said that he won it in a poker game."

On redirect examination the State pursued the subject that had first been tendered by defendant. The assistant prosecutor asked:

"Q Did you ask Mr. Dees where this poker game was?

A He—because he said he had an alibi I—yes, I did ask him and he refused. I was perfectly willing to check into his alibi but he refused."

The trial court sustained defendant's objection and admonished the jury to disregard the question and the answer. The court refused to declare a mistrial.

As argued by defendant, the silence of an accused while under arrest is not admissible against him to show that he did not volunteer an exculpatory statement or that he did not deny or explain an incriminating fact. Impeachment by such means violates the privilege against self-incrimination secured by the Constitution of Missouri and the United States Constitution. *State v. Nolan*, 595 S.W.2d 54 (Mo.App.1980).

In the present case defendant had made known before trial that he would rely upon the defense of alibi; that he had been playing cards with friends. It was defendant who first asked Officer Myers about a statement made by defendant while under arrest. The effect of the defendant's cross-examination was to leave the inference that defendant had not hidden behind his right not to speak but had told the police officer where he had been at the time of the burglary. Counsel was laying the groundwork for the testimony of defendant that he had revealed to the officer where he had been.[1]

This in turn was the basis for defendant's argument that although he told the police where he had been, they did not investigate to confirm his alibi.

■ We believe that the redirect examination could have been admitted at the discretion of the trial court as tending "to refute, weaken or remove inferences, impressions, implications or suggestions which might have resulted from testimony on cross-examination." *State v. Gatlin*, 539 S.W.2d 731 (Mo.App.1976). The court in its discretion made the determination to sustain the defendant's objection and ordered the jury to disregard both the question and the answer. Under the circumstances the incident did not warrant the granting of a mistrial. The trial court did not abuse its discretion in denying defendant's request for a mistrial. *State v. Pickens*, 527 S.W.2d 29 (Mo.App.1975).

Defendant also complains that the State referred to defendant's post-arrest silence when in argument with respect to defendant's alibi witnesses it said, "Mr. Dees wouldn't give any of their names." The trial court sustained defendant's objection but denied the motion for mistrial.

Defendant had testified that he had made a statement to Officer Myers in which he told Myers the names of his alibi witnesses. In rebuttal testimony Myers had denied that defendant told him the names of defendant's witnesses.

■ The argument of the State was nothing more than comment on matters in evidence that were controverted. *State v. Briggs*, 579 S.W.2d 819, 821 (Mo.App.1979). The court sustained the objection out of an abundance of caution and cannot be faulted by defendant for his action.

Another comment of the same nature made in the State's argument in rebuttal was in retaliation to defendant's argument.

1. Defendant testified that he told the officer that he had been playing cards, that the officer asked where and he told the officer that he had been playing cards at the home of Mr. Drazda and Mr. Paris and to his knowledge the two men were not contacted by the police.

*State v. Kirksey*, 528 S.W.2d 536, 538 (Mo. App.1975).

■ As we read defendant's next point he complains that the court erred in not sustaining his objection to the testimony of Officer Myers who in answer to the question "[d]id you have consent to search?" replied "yes." At trial defendant objected to this testimony as a conclusion. He now contends that the testimony was impermissible hearsay. In order to permit the trial court to correct its errors, the proper objection must be made at the trial court level and the point relied upon on appeal must be based upon the objection made in the trial to be preserved for appellate review. *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974). This issue has not been preserved for our review.

■ Testimony as to where the officer went within the Hicks' house after consent to enter and search had been given was objected to on the basis of hearsay. This is not preserved in the point dealing with consent as set out by defendant. In any case we find no prejudice in the admission of either instance of hearsay. *State v. Ford*, 495 S.W.2d 408, 414 (Mo. banc 1973).

Defendant's reliance upon *State v. Kirkland*, 471 S.W.2d 191, 193 (Mo.1971) is misplaced. In *Kirkland*, a cab driver was robbed. A detective testified that a Mrs. Mayo told him that she saw defendant get into the victim's cab. Mrs. Mayo did not testify. The Supreme Court there held the only issue to which this testimony could go was the identity of defendant, an issue of prime importance in the case.

In the present case the only issue relevant to this testimony was consent to search. This was an issue for the court which the court heard outside the presence of the jury on the motion to suppress. In that hearing, evidence that Harry Hicks' grandfather gave Officer Myers permission to enter the house and search for defendant was admitted without objection. The testimony heard by the jury on this matter did not go to the guilt or innocence of the defendant. We find no prejudice to the defendant in the admission of the evidence. See *State v. Ford, supra*.

Defendant's next point does not tell us specifically what the court did that was erroneous in violation of Rule 30.06(d). A reading of the argument reveals that defendant complains of the following question asked the defendant on cross-examination: "Did you know Officer Perry Myers on that date—before that date, excuse me?" The objection of defendant was sustained and the jury was told to disregard the question. The court refused to grant a mistrial.

■ During the State's case in chief, Officer Myers testified that he was acquainted with defendant before the date of the burglary. The unanswered question did not, as urged by defendant, reflect upon defendant's character. *State v. Knicker*, 424 S.W.2d 605, 608 (Mo.1968). If the asking of the question was erroneous, it was cured by the prompt action of the trial court in sustaining the objection. *State v. Jones*, 532 S.W.2d 772 (Mo.App.1975).

■ Defendant next complains that he was not permitted to cross-examine a witness for the State with respect to an arrest for the purpose of attacking the credibility of the witness. This may not be done on the basis of an arrest that did not result in a conviction. *State v. Lockhart*, 507 S.W.2d 395 (Mo.1974).

■ Defendant also complains of comments made by the assistant prosecuting attorney in closing argument. Defendant's objection was sustained and the jury was instructed to disregard the comment. The court has control of argument with its discretion. While we cannot say the comments were erroneous, the court's action in sustaining the objection and telling the jury to disregard was sufficient to cure error, if any. *State v. Hodges*, 586 S.W.2d 420, 427 (Mo.App.1979).

Finding no prejudicial error, the judgment is affirmed.

STEPHAN, J., and LACKLAND H. BLOOM, Senior Judge, concur.