**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Bill CREVISTON, Defendant-Appellant.**

**No. 14744.**

Missouri Court of Appeals, Southern District, Division Two.

June 25, 1987.

Motion for Rehearing or Transfer Denied July 16, 1987.

Application to Transfer Denied Sept. 15, 1987.

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of sodomy, § 566.060.3,[1] and he was sentenced to a term of ten years. Defendant appeals.

Defendant's first point is that the evidence is insufficient to support the verdict and that the trial court erred in denying defendant's motion for judgment of acquittal filed at the close of all the evidence. Specifically, defendant asserts that the state failed to prove that an act of "deviate sexual intercourse" occurred between defendant and S.B., the five-year-old female victim.

"A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Section 566.060.3. " 'Deviate sexual intercourse' means any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Section 566.010.1(2).

Defendant argues that the state failed to prove "that a sexual act occurred involving the genitals of either defendant or S.B. and the mouth, tongue, hand or anus of either of them." "At most," says defendant, "S.B.'s testimony demonstrated that defendant may have touched and/or rubbed her vaginal area through her clothing. While such acts may be sufficient to prove a charge of first degree sexual abuse, § 566.100, this evidence has not proved beyond a reasonable doubt that defendant had deviate sexual intercourse with S.B."

In determining the validity of defendant's point, this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the verdict, and reject contrary and contradictory evidence. *State v. Petrechko*, 486 S.W.2d 217,

1. All references to statutes are to RSMo, 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

218[1] (Mo.1972). All evidence unfavorable to the state must be disregarded. *State v. Summers,* 506 S.W.2d 67, 69[1] (Mo.App. 1974).

So viewed, the state's evidence showed that on December 27, 1984, in the late afternoon, S.B., a five-year-old girl, was with defendant, age 38, in defendant's garage next door to the house where S.B. lived with her parents. S.B. was wearing green overalls.

S.B. testified that defendant "sat me down on his lap and rubbed me back and forth. He spread my legs out. I was sitting on top of [defendant]. I was on his lap. He touched me in my private place (vagina). He rubbed me down there. [Defendant] told me he had a 'hard belly.' I felt his hard belly and it felt like hard rock. Defendant touched my ears. Defendant told me to keep it secret and that if I told, they would kill him and make me go to prison.

"Mama came in. I was glad to see her. I was scared. Mama took me home. When I got home I talked to Mama and told her what [defendant] did. Mama took my clothes off and looked at my [vagina]. She put some medicine on it because it was raw. No one else was in the garage at the time this happened but Mama walked in while it was happening. While I was in the garage no parts of my clothing were taken off."

On cross-examination by defendant's counsel the following was elicited.

Q. How long did this man have his hand in your pants? Do you remember about how long it was?

A. No.

Q. Do you remember if it was a long time or a short time?

A. No.

The mother of S.B. testified: "I first noticed S.B. missing late in the afternoon while I was fixing dinner. I went to look for her. She was in the garage with [defendant]. I had some pie pans in my hand. I pushed the door to the garage open with my foot. When I opened the door defendant was sitting in a chair and S.B. was standing between his legs and with her back to me and he had his left arm around her waist and his other hand in front of her. Her body was blocking my actual vision of where his hand would have been. S.B. had a big brownie in her hand. S.B. had a stunned look on her face.

"I took her by the arm and led her home. On the way home she told me that her legs hurt and that she could not walk without hurting. When I got home I took her into the bathroom and asked her if [defendant] had touched her. S.B. told me that [defendant] had touched her twinkie [vagina]. I took her clothing off and removed her panties and saw that she was raw and red and swollen. She was raw and red around the vagina. I examined the inside of the vagina. I did not notice anything unusual inside the vagina. She had not been penetrated because the hymen was intact and there was no blood. She was red and raw on the vagina and I put medication on her."

One defense witness, John Glore, testified, on direct examination, that the victim's mother told the witness that she saw "the defendant and her daughter in close proximity of one another with the defendant having ahold of the daughter."

From the foregoing evidence the jury was entitled to find that the defendant rubbed S.B.'s vagina, causing it to become "raw, red and swollen," and that he accomplished the rubbing by having his hand in her pants. The jury was entitled to find that this was a sexual act involving the genitals of S.B. and the hand of defendant. It is unnecessary to determine whether the evidence was also sufficient to support a finding that there was a sexual act involving the hand of S.B. and the genitals of defendant. There was also evidence that S.B. was less than 14 years old and unmarried. This court holds the evidence was sufficient to support the verdict. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in giving Instruction 7 because the instruction "submitted a definition of 'sodomy' in violation of the Notes on Use to the verdict director, MAI–CR2d 20.08.2, in

that 'sodomy' is not one of the words expressly required or permitted to be defined by those Notes on Use and defendant was prejudiced by the instruction because it could only serve to prejudice and confuse the jury."

This case was tried while MAI–CR2d was in effect. Instruction 7 was a composite of MAI–CR2d 33.00 and the definition of "sodomy" contained in MAI–CR2d 33.01. Defendant does not challenge the accuracy of the definition of sodomy which was contained in Instruction 7. His position is that the trial court erred in giving any definition of sodomy by an instruction separate from the verdict-director.

Instruction 7, in addition to stating what constitutes sodomy as defined in § 566.-060.3 (deviate sexual intercourse with another person to whom [defendant] is not married who is less than 14 years old), also contained the definition based on § 566.-060.1 (deviate sexual intercourse with another person to whom [defendant] is not married, without that person's consent by the use of forcible compulsion).

Defendant's contention that the trial court erred in giving Instruction 7 is well taken and the state concedes the error. "Whenever there is an MAI–CR instruction ... applicable under the law to the facts, the MAI–CR instruction ... shall be given or used to the exclusion of any other on the same subject." Rule 28.02(c). "Giving ... an instruction ... in violation of this Rule, or any applicable Notes on Use, shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e).

The state's verdict-director, Instruction 5, was based on MAI–CR2d 20.08.2 [Sodomy: Child Less Than Fourteen Years Old]. The Notes on Use under that instruction require a separate instruction defining "deviate sexual intercourse" and such an instruction, Instruction 6, was given here. The Notes on Use under MAI–CR2d 20.08.2 also permit certain other terms to be defined, and require them to be defined "upon written request in proper form by the state or by the defendant." The word "sodomy," however, is not among those terms.

"... Where a definition is required or permitted, the definition set out in MAI–CR 33.00 must be used." Notes on Use to MAI–CR2d 33.00, Note 2. "The definitions must be accurate, but no definition should contain portions not applicable to the facts of the particular case. However, the prejudicial effect of the inclusion of unnecessary portions of a statutory definition will be judicially determined." Id. Note 5. "Unless the Notes on Use expressly require or permit the definition of a term, word or phrase, it must not be defined even if requested by counsel or the jury...." Id. Note 8.

In giving Instruction 7 the trial court violated Note 8. No definition of "sodomy" should have been given. Moreover, the definition, which should not have been given at all, was erroneous and violative of Note 5 in that it contained a portion not applicable to the facts of the particular case. The inapplicable portion dealt with the violation of § 566.060.1, supra.

Several Missouri cases have dealt with situations where a trial court gave a criminal instruction defining a word or term which should not have been defined at all. They include *State v. Moland,* 626 S.W.2d 368 (Mo.1982); *State v. Abram,* 537 S.W.2d 408 (Mo. banc 1976); *State v. Oliver,* 720 S.W.2d 45 (Mo.App.1986); *State v. Franks,* 643 S.W.2d 624 (Mo.App.1982); and *State v. Dees,* 631 S.W.2d 912 (Mo.App.1982). In each of the cases the giving of the instruction was held to be erroneous. Only in *Franks,* however, was the error held to be prejudicial.

In *Franks* the court defined "conspiracy" and "capital murder" in such a manner as to reduce the burden placed on the state to prove the offense on trial. In *Moland* and *Dees* the error had not been preserved for appellate review and review was limited to possible plain error. In *Moland* no plain error was found in giving an instruction defining "stealing" and "tampering." In *Dees* no plain error was found in including in the definition of "stealing" the terms "deceit" and "coercion" which were not applicable to the facts. In *Abram,* error in giving an instruction de-

fining the word "intends" was held to be nonprejudicial. In *Oliver* the trial court erred in defining "forcibly steals" but this court held that the jury was neither misled nor confused by the instruction and the error was not prejudicial.

■ In the case at bar, the defense, presented through defendant himself and other defense witnesses, was alibi. The age of the victim and her unmarried status were not the subject of dispute. There was no evidence of "forcible compulsion" and the presence or absence of such compulsion was not an issue. This court holds that the error was not prejudicial. Defendant's second point has no merit.

Defendant's third point is that the trial court erred in permitting the victim's mother, over defendant's hearsay objection, to testify that S.B. told the witness that defendant had touched her "twinkie" (vagina), and that defendant had told S.B. not to tell anyone what happened because defendant would be killed and S.B. would be sent to prison. Defendant argues that the challenged testimony was hearsay and was not admissible under the res gestae exception to the hearsay rule because, says defendant, "S.B.'s statements were not made spontaneously but rather were elicited from S.B. by her mother's questioning."

The state argues that the challenged testimony was admissible under the "excited utterance" exception to the hearsay rule. Further, the briefs of both parties allude to § 491.075.

Section 491.075 reads, in pertinent part:
"1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:
(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:
(a) Testifies at the proceedings; or
(b) Is unavailable as a witness.

.     .     .     .     .

3. A statement may not be admitted under this section unless the prosecuting attorney makes known to the accused or his counsel his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the accused or his counsel with a fair opportunity to prepare to meet the statement.

4. Nothing in this section shall be construed to limit the admissibility of statements, admissions or confessions otherwise admissible by law."

Defendant argues that § 491.075 does not aid the state, if in fact the testimony was otherwise inadmissible hearsay, because the trial court did not conduct the hearing "outside the presence of the jury" contemplated by § 491.075.1(1).

The statement of facts portion of defendant's brief, as appellant here, makes no mention of a failure to conduct such hearing. See Rule 84.04(c). Defendant's motion for new trial makes no mention of a failure to conduct such hearing. At the time the challenged testimony was offered, defendant's counsel made no request that such a hearing be held, nor did he object to the evidence on the ground that the court had not held such hearing. If such a request or objection had been made, the court would have been in a position to take a recess and hold the hearing. Defendant makes no claim that the challenged testimony was unanticipated by the defense, nor does defendant claim that the prosecutor failed to comply with § 491.075.3.

■ Assuming, arguendo, that the challenged testimony was not admissible either under the res gestae exception to the hearsay rule, Cf. *State v. Hook*, 432 S.W.2d 349, 352–53 (Mo.1968), or under § 491.075, and assuming, arguendo, that defendant's third point has been preserved for appellate review, this court holds that any error in

the admission of the challenged testimony was not prejudicial.

The challenged testimony of the mother was merely cumulative of the same trial testimony given by S.B. herself. In *State v. Robinson,* 484 S.W.2d 186 (Mo.1972), a city marshal, McKay, went to a house to investigate an alleged break-in and the rapes of two women. Over defense objection, McKay testified, "The victims advised me that their house had been broken into and they had been raped and assaulted." At p. 189 the court said:

> "The officer's testimony was hearsay but non-prejudicial. 'Hearsay evidence is objectionable "because the person who makes the statement offered is not under oath and is not subject to cross-examination." ' ... Both of the victims were present in court; they had been sworn as witnesses; had taken the stand; had confronted appellant; had testified fully with respect to the details of the crimes, were available to appellant for cross-examination and were thoroughly cross-examined."

This court holds that the trial court did not commit prejudicial error in receiving the challenged testimony. *State v. Robinson,* supra; *State v. Ball,* 622 S.W.2d 285, 290[11] (Mo.App.1981); *State v. Hankins,* 612 S.W.2d 438, 440[3] (Mo.App.1981). Defendant's third point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.