STATE of Missouri, Plaintiff–Respondent,

v.

Ruffner BRIGHT, Defendant–Appellant.

No. 55775.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 28, 1989.

Terrance Niehoff, St. Louis, for defendant-appellant.

Michael G. Ravetta, William M. Nelson, Asst. Cir. Attys., St. Louis, for plaintiff-respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Ruffner Bright, appeals his jury conviction for the crime of sexual abuse in the second degree pursuant to RSMo § 566.110 (1986). We affirm.

The evidence reveals that on November 4, 1987, at approximately midnight, twelve year old D.D. sneaked out of his house to meet the defendant. The defendant, who was then 61 years of age, took D.D. back

to his house, which was located six blocks away, to play cards. While D.D. was playing cards with the defendant, he fell asleep while sitting in a chair. D.D. soon awoke to find the defendant fondling his penis underneath his pants and underwear. D.D. told the defendant that he wanted to leave and the defendant walked D.D. home where they were met by D.D.'s father. D.D.'s father told the defendant to go home and sent D.D. to bed.

The following morning, D.D. told his father what had happened and his father called the police. The police arrested the defendant for sexual abuse in the second degree.

On October 4, 1988, the defendant was tried by a jury in the City of St. Louis. At trial, D.D. testified about defendant's actions. D.D.'s father then testified over the objection of the defendant, about what D.D. had told him regarding the defendant's conduct. The jury returned a verdict of guilty as charged and recommended a sentence of one year in a St. Louis medium security institution. This appeal followed.

The defendant's sole point of error is that the trial court erred in permitting the victim's father to testify as to what D.D. told him the defendant had done. Defendant argues that the challenged testimony was hearsay and was an inadmissible attempt to bolster D.D.'s in court testimony.

In *State v. Creviston*, 735 S.W.2d 91 (Mo.App., S.D.1987), the victim, a five year old girl, was taken into the defendant's garage where he touched her in her "private place." *Id.* at 93. The mother of the victim testified that the victim had told her that the defendant had touched her "twinkie" and that the defendant had told the victim not to tell anyone what happened because defendant would be killed and the victim would be sent to prison. *Id.* at 95. The court, citing *State v. Robinson*, 484 S.W.2d 186 (Mo.1972) stated:

> Hearsay evidence is objectionable "because the person who makes the statement offered is not under oath and is not subject to cross examination" ... Both of the victims were present in court;

they had been sworn as witnesses; had taken the stand; had confronted appellant; had testified fully with respect to the details of the crimes, were available to appellant for cross examination and were thoroughly cross examined.

*State v. Creviston*, 735 S.W.2d at 96 citing *State v. Robinson*, 484 S.W.2d 186, 189 (Mo.1972). See also *State v. Hankins*, 612 S.W.2d 438, 440 (Mo.App., S.D.1981). The court, thus, concluded that no prejudicial error had occurred. *Creviston* at 96.

This court finds *Creviston* to be persuasive authority and holds that the challenged testimony of the father was merely cumulative of the same trial testimony given by D.D. himself. As no prejudice occurred, the judgment is affirmed.

REINHARD and CRIST, JJ., concur.