**STATE of Missouri, Respondent,**

v.

**Spencer Lee TOMLIN, Appellant.**

**No. 55795.**

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Ellis S. Outlaw, John J. Spencer, St. Louis, for petitioner.

HOUSER, Commissioner.

Spencer Lee Tomlin, found by a jury to be guilty of robbery in the first degree by means of a dangerous and deadly weapon and sentenced to 12 years' imprisonment by the Circuit Court of the City of St. Louis under the Second Offender Act, has appealed, claiming that the State failed to prove the corpus delicti; failed to prove the material allegations of the indictment; failed to establish the identity of defendant as the robber, and failed to instruct on defendant's theory of the case (alibi).

The charge was armed robbery of one Rosie Lee Johnson, wife of E. S. Johnson, doing business as Johnson's Community Food Service, Inc. Mr. and Mrs. Johnson and a customer named Dudley all testified that a person walked in the store, announced "This is a stick up," held two pistols in the face of Mrs. Johnson and Mr. Dudley, threatened to blow Mrs. Johnson's brains out, and said he wanted all of the money in the cash register; that she complied with his demand and handed over bills which Mrs. Johnson estimated at about $100 and which Mr. Johnson judged amounted to $150. Mrs. Johnson testified that she was afraid. Police, to whom the robbery was reported, showed the Johnsons and Mr. Dudley several photographs, one of which was a picture of defendant. All three picked out defendant's picture as that of the robber. All three viewed several men in a lineup, and each of them selected defendant as the robber. All three further made in-court identifications of defendant.

The foregoing constituted proof of the corpus delicti, and that defendant was the perpetrator of the crime. Defendant and several other witnesses testified to facts which if believed would have established an alibi. The claim that the court failed to instruct on the defense of alibi is obviously a mistake, because the record shows that Instruction No. 3 was given, as follows: "The defendant claims that he was at another place at the time the alleged crime was committed. You are instructed that if from all of the evidence you have a reasonable doubt as to whether the defendant was present when the crime was committed, then you should give the defendant the benefit of such doubt and find him not guilty."

In the argument portion of his brief appellant makes the further claim that the arrest was illegal because the officer entered appellant's home "under the request of a friendly visit, and then arrested him without a warrant." The arresting officer testified that he made the arrest on the basis of information received by him that the victim of the robbery had identified defendant as the robber on the basis of photographs exhibited to her. An arrest by a police officer of the City of St. Louis without a warrant is authorized by law when the police officer has reasonable grounds to believe that an offense against the law has been committed by the person arrested. State v. Sampson, Mo.Sup., 408 S.W.2d 84, 86 [1]; State v. Jefferson, Mo. Sup., 391 S.W.2d 885, 888 [1], and cases cited. The information possessed by the arresting officer in this case (that a robbery had been committed and that defendant had been identified from photographs as the robber) constituted reasonable grounds to believe that an offense had been committed by the defendant.

Caldwell v. United States, 8th Cir., 338 F.2d 385, cert. den. 380 U.S. 984, 85 S. Ct. 1354, 14 L.Ed.2d 277. The fact that the arrest was made by an officer in the home of the defendant as a result of access gained "under the request of a friendly visit" did not vitiate the arrest; an officer having probable cause to arrest without a warrant may even break open a door or window to effect an arrest, if necessary, if after notice of his office and purpose he is refused admittance. State v. Novak, Mo.Sup., 428 S.W.2d 585.

Judgment affirmed.

WELBORN, and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.