STATE of Missouri, Respondent,

v.

Larry ROBINSON, Appellant.

No. 57010.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Harold L. Lowenstein, Asst. Atty. Gen., Kansas City, for respondent.

Cyril M. Hendricks, Fowlkes & Hendricks, Caruthersville, for appellant.

HOUSER, Commissioner.

Larry Robinson, tried by a jury, convicted of rape and sentenced to 15 years' imprisonment, has appealed.[1]

I.

The fact alone that the jury panel was completely devoid of female members does not vitiate the verdict on the ground that the jury was improperly impanelled. State v. Andrews, Mo.Sup., 371 S.W.2d 324, 327 [6] (no women); State v. Selman, Mo.Sup., 433 S.W.2d 572, 577; State v. Ramsey, 355 Mo. 720, 197 S.W.2d 949 (absence of negroes). In order to invalidate a jury verdict on this basis there must be a showing of unconstitutional discrimination arising out of systematic exclusion. The burden of demonstrating purposeful discrimination and consequent denial of a fair trial was upon appellant. State v. Warters, Mo.Sup., 457 S.W.2d 808 [4]. An objection or challenge to the array of petit jurors must be made before the jury is sworn, where the grounds of the objection are known. State v. Smith, Mo.Sup., 240 S.W.2d 671, 675. Appellant failed to meet the burden of proof. He made no objection to an all-male jury; no challenge to the array was made. There was no objection to the introduction of evidence and no other complaint on this ground until it was mentioned in the motion for new trial. The motion does not prove the matters of fact asserted therein. State v. Childers, Mo.Sup., 268 S.W.2d 858. No evidence was offered at the hearing of the motion for new trial to demonstrate systematic exclusion of females from the jury panel.

II.

The fact (if it be a fact) that one member of the jury panel had been convicted of a felony does not vitiate the verdict as a matter of law, in the absence of a showing that appellant's rights were prejudiced and that a substantial injustice resulted. State v. Hemphill, Mo.Sup., 460 S.W.2d 648. There is no showing that in overruling this contention the trial judge abused the discretion accorded trial judges in such matters. Eastman Kodak Stores, Inc. v. Summers, Mo.App., 377 S.W.2d 476. Section 494.050, RSMo 1969, V.A.M.S. provides that "No exception to a juror on account of his * * * legal disability shall be allowed after the jury is sworn." An exception to this statute is allowed if matters which might work a disqualification were actually explored on voir dire examination and false answers were given or deception otherwise practiced. Appellant seeks to come in under this exception, based upon statements by counsel in his appellate brief indicating that deception was practiced by the panelist in question. Such statements are not evidence of the fact and the fact has not been established otherwise.

III.

There was no error in admitting in evidence Exhibits G and K (photographs of the rear of the house where the alleged rape occurred, showing pry marks on the door, taken at 10:30 on the following morning). A sufficient foundation was laid for their admission. The officer

1. Notice of appeal filed before January 1, 1972.

who participated in taking the photographs testified that he recognized what was portrayed in the exhibits as close-ups of the rear door of the victim's house showing pry marks in the area of the outer door facing, apparently made by a sharp-pointed or tapered instrument, indicating that the door had been forcibly opened. This was sufficient supporting evidence to justify the introduction of the photographs as fairly and accurately portraying the objects shown in them, within the requirement of State v. Sanders, Mo.Sup., 365 S.W.2d 480 [3], and as truly reflecting the conditions at the scene, within the doctrine of State v. Brown, Mo.Sup., 312 S.W.2d 818 [3]. See State v. McCollum, Mo.Sup., 377 S.W.2d 379 [6], where the identification of photographs was similar and this appropriate language was used, 377 S.W.2d 1. c. 383: "The photograph tended to aid the jury in understanding the testimony with respect to the condition of the rear of the Toliver residence on the same day and shortly after the alleged burglary and stealing had occurred."

### IV.

■■■ The hearsay statements of Officer McKay do not destroy this verdict. City Marshal McKay testified that following a report made to him by another officer, he went to the residence where a break-in and rapes of two females allegedly had occurred, for the purpose of making an investigation. Asked whether he had some conversation with the victims and what they told him, Officer McKay testified over objection, "The victims advised me that their house had been broken into and they had been raped and assaulted." The officer's testimony was hearsay but nonprejudicial. "Hearsay evidence is objectionable 'because the person who makes the statement offered is not under oath and is not subject to cross-examination.' Bartlett v. Kansas City Pub. Serv. Co., 349 Mo. 13, 160 S.W.2d 740, 1. c. 742." Jackson v. State, Mo.Sup., 476 S.W.2d 598, 600 [5]. Both of the victims were present in court; they had been sworn as witnesses; had taken the stand; had confronted appellant; had testified fully with respect to the details of the crimes, were available to appellant for cross-examination and were thoroughly cross-examined.

### V.

■■■ Appellant's fingerprints and shirt were properly admitted in evidence over the objection that they were not obtained as an incident to a lawful arrest. The burglary and rapes occurred between 12:30 and 1:00 o'clock on the morning of December 2, 1970. Appellant was arrested December 3 at 4:10 p. m., without a warrant. He was wearing the shirt in question at the time. His fingerprints were taken shortly after arrest. The arrest was lawful for the reason that it was based upon information possessed by the officers which constituted reasonably trustworthy information of facts and circumstances sufficient to warrant a man of reasonable caution to believe that offenses had been committed and reasonable ground for belief that the person arrested was guilty. That is the proper definition of probable cause for arrest. State v. Johnson, Mo. Sup., 463 S.W.2d 785, 787 [1]. The burglary and rapes occurred in the middle of the night, after the two victims had gone to bed and to sleep. Shortly thereafter the victims contacted a patrolman at 1:00 a. m. and gave him a general description of the two men. Appellant was described as "a slender built subject, approximately 5 – 8, probably sixteen or seventeen years of age, * * * wearing a brown headband around his forehead or completely around his head." This information was given to Officer McKay, who was called to the residence of the victims in the early morning hours. In the course of his investigation he secured a brief description of the three males involved. He testified that he commenced looking for appellant based upon physical description, past records, information given him by the sheriff's office, and informants. The victims gave McKay a

description of the three assailants several times. In the course of the marshal's investigation he looked for persons involved in sex crimes with known sex records. He conversed with a deputy sheriff who advised him that approximately three weeks previously the deputy had investigated another rape case "out there"; that the victim in that case told him that the offender was Larry Robinson. That investigation did not lead to charges because the alleged victim had been drinking and the officers did not consider it was a "good enough case to file charges on." In that conversation the description of the suspect and that of appellant matched. The marshal was particularly interested in the deputy's description of the headband and "knot" in connection with the fact that Larry Robinson "had been known [by] previous experiences to wear a sock or stocking over his head with a knot on the side of it." Appellant "was known previously, from the information that [the marshal] had received from the Sheriff's office, to have been involved in this type of crime before." Both appellant's past record and the description of appellant given by the victims entered into the marshal's decision to arrest appellant.

 Information possessed by an officer that a felony has been committed and sufficient identification of the suspect as the perpetrator of the felony constitutes probable cause to believe that the offense was committed by the suspect, justifying arrest without a warrant and reasonable search and seizure as an incident to the arrest (including the taking of fingerprints and the seizure of articles of clothing). Sufficient identification by the victim may include photographs of the suspect exhibited to the victim, State v. Tomlin, Mo.Sup., 467 S.W.2d 918; a picture said to "resemble" defendant, exhibited to the victim, State v. Parker, Mo.Sup., 458 S.W.2d 241, or, as in this case, a physical description of the suspect, by race, age, height, weight, etc. State v. Hill, Mo.Sup., 419 S.W.2d 46.

Here, in addition to the physical description of the suspect (build, height, age, race) which matched that of appellant, there is the additional circumstance that an officer of the law had reported recent criminal activity in the same vicinity involving appellant in the same type of sexual crime, thus naturally arousing suspicion based upon appellant's known propensity to commit the crime, plus the identifying knotted headband worn by the assailant, a distinctive bit of attire known by the officers to have previously been worn by him. Under these circumstances the arrest was not made on suspicion merely but in the exercise of reasonable discretion and in apparent good faith.

## VI.

 There was no error in giving Instruction No. 4 and refusing appellant's offered instruction defining the crime of rape on the asserted ground that the jury was not instructed with respect to the "utmost resistance" doctrine (referred to in State v. Gray, Mo.Sup., 423 S.W.2d 776 [1–3]). As indicated in the Gray case that doctrine does not apply where the woman is put in fear of personal violence and her will is thereby overcome. State v. Beck, Mo.Sup., 368 S.W.2d 490. There is ample evidence of personal violence, threats of violence and an array of physical force overpowering her mind. One of the three assailants appeared in the doorway with a gun. The victim screamed for her roommate; called on her to summon the police. The victim was grabbed while still in bed and hit in the head by the fist of one of the men. Another grabbed her around the neck and choked her. Her pajamas were torn off. One of the men got on top of her. She struggled and tried to push him off. She grabbed the gun and tried to discharge it but the trigger would not move. One of them took the gun away from her and hit her again. In the scuffle over the gun it was pointed at her. The larger of the three held one of her legs while anoth-

er had intercourse with her. She continued to struggle during the intercourse. Appellant then had intercourse with her by force, the struggle continuing. Her roommate, who came in response to her call, was grabbed, dragged to the bed and told to shut up and was hit over the neck. One of the men told her he was going to break her neck. She had cuts and bruises on her neck and arms as a result of the struggle. She was thrown down, her pajamas were pulled off by one of the men and she was attacked. The other girl recovered the gun and hit her attacker on the back of the head with the gun. The gun was taken away from her again, and she was then attacked by the second man. She hit the men with her fist several times and struggled but in vain. The men looked for the gun, which the victim had found and concealed under the covers. When the men found it one of them pointed it at her and said "You had it, didn't you?" She thought he was going to shoot her and begged him not to do it. In order to convict the jury was required to find that appellant had sexual intercourse with the victim against her will and after causing her to submit to threats which caused her to fear personal violence to herself. Under the facts there was no necessity of further instructing the jury with respect to the necessity of resistance to the utmost of her ability.

No error appearing, the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

MORGAN, P. J., and DONNELLY and SEILER, JJ., concur.

HENLEY, J., not sitting.