**Pauline NASH, a minor, by Thurlene Nash, next friend and Thurlene Nash, Appellants,**

v.

**David P. SAUERBERGER, Respondent.**

**No. 43717.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Application to Transfer Denied Jan. 18, 1982.

William R. Hirsch and David J. Rauscher, of Hirsch & Rauscher, St. Louis, for appellants.

Dennis C. Burns and James E. Godfrey of Godfrey, Vandover & Burns, Inc., St. Louis, for respondent.

CRIST, Presiding Judge.

This is an action in negligence to recover for personal injuries sustained by the minor plaintiff in a pedestrian/automobile accident. Defendant was the driver of the automobile. Plaintiffs appeal from judgment for defendant entered on a jury ver-

dict, contending the trial court erred by allowing defendant to use against two of plaintiffs' witnesses what purport to be their prior inconsistent statements in a police report of the incident. We conclude there was no proper foundation for using the police report excerpts, and that their use was prejudicial error. We reverse the judgment and remand the cause for a new trial.

The accident occurred on Memorial Day in 1977, when the minor plaintiff and her cousin were on a family picnic in a St. Louis city park. They were trying to cross a two-way street that runs through the park, and which on that day was heavily traveled and lined with parked cars. The cousin testified that she and the plaintiff were waiting between parked cars for an opportunity to cross the street. When a car stopped in the near lane of traffic coming from her left, the cousin ran to the center of the street and, upon seeing defendant's car approaching in the far lane from the right, turned and ran back to the parked cars. It was then that she heard a car "screech," and she turned to see plaintiff struck by the left front fender of defendant's car.

The second witness was the driver who stopped for the girls. He testified that plaintiff's cousin ran to the center of the street from the parked cars, stopped, and had turned and begun to run back when plaintiff ran past her and struck the left front fender of defendant's oncoming car. He recalled talking to "the police officers" after the accident.

The statements used to impeach the witnesses were in a police report of the incident signed by an Officer Garhart as the "Reporting Officer." Officer Garhart did not testify, nor does the record otherwise establish that he personally investigated the incident in addition to writing the report on it. Rather, defendant's course was to qualify the police report under the Uniform Business Records as Evidence Law, §§ 490.-660 to 490.690, RSMo.1978 through the testimony of Officer McDonough, Clerk of Records, Identification Section of the St. Louis Metropolitan Police Department. Officer McDonough identified the report, and

testified it was made and kept in the normal course of "business" at the police department, though he admitted on cross-examination to having no independent knowledge of anything in the report or of how it was prepared, including whether the matters reported were based on Officer Garhart's personal observations. Officer McDonough was then permitted to read from the report the purported prior inconsistent statements of the witnesses.

Rather than set out the excerpts verbatim, we note that the principal inconsistencies they raise are whether plaintiff ran into defendant's car or defendant's car hit plaintiff, and whether the contact occurred on the car's left front or left rear fender. These were important factual issues, as the substance of defendant's evidence was that he didn't see the girls, and his first awareness of anything gone wrong was when he heard a "thud" in the area of his left rear fender.

■ Entries in police reports may be admitted into evidence upon being qualified under the Uniform Business Records as Evidence Law (hereafter Act). See *Ryan v. Campbell "66" Express*, 304 S.W.2d 825, 828 (Mo. banc 1957); *Penn v. Hartman*, 525 S.W.2d 773, 778 (Mo.App.1975). But all the Act does is eliminate the hearsay objection to the report itself; " . . . it does not make admissible any evidence which would be incompetent if offered in person." *Ryan v. Campbell "66" Express*, 304 S.W.2d at 828; *Penn v. Hartman*, 525 S.W.2d at 778; *State v. French*, 528 S.W.2d 170, 173 (Mo.App. 1975). Therefore, before any item in such a record may be admitted into evidence under the Act, it must be shown to be " ' . . . based on the entrant's own observation or on information of others whose business duty it was to transmit it to the entrant.' [citation omitted]" *State v. Boyington*, 544 S.W.2d 300, 305 (Mo.App.1976). In the absence of such a showing, "prior inconsistent statements" in police reports have been consistently rejected as inadmissible "hearsay," see: *State v. Williams*, 473 S.W.2d 388, 390 (Mo.1971); *State v. Austin*, 496 S.W.2d 799, 805 (Mo. banc 1973); *Duncan v. State*, 520 S.W.2d 123, 125 (Mo.App.1973); *State v. Landers*, 596 S.W.2d 487, 488 (Mo.App.1980)

—not as hearsay in the strict sense, as such statements clearly are not offered to show the truth of the matters asserted therein, see *State v. Harris*, 571 S.W.2d 443, 446 (Mo.App.1978); 3A Wigmore, Evidence § 1018, at 996 (Chadbourne rev. 1970); but because, like hearsay, such statements are susceptible to "... the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness ...." 5 *id.* § 1362, at 3.

 It was not shown that the purported prior inconsistent statements of plaintiffs' witnesses were made by them to the person who wrote the police report, or reported to that person by others who had a duty to do so. It was prejudicial error to admit those statements into evidence, and the judgment is therefore reversed and the cause is remanded for a new trial.

Reversed and remanded for a new trial.

REINHARD and SNYDER, JJ., concur.