Daniel E. Wilke, Clayton, Stephen M. Glassman, St. Louis, for appellant.

James F. Koester, Allan R. Belliveau, St. Louis, for respondent.

**James H. ELLIS, Respondent,**

v.

**Diane Marie SMITH, Appellant.**

**No. 44275.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Application to Transfer Denied Nov. 15, 1982.

CRIST, Judge.

This action for negligence arose from a two-car collision. Judgment was entered on the jury's verdict for plaintiff and defendant appeals. Defendant correctly contends the trial court erred by allowing a police sergeant to testify and diagram part of the accident scene using what purported to be a photocopy of a Missouri Uniform Accident Report prepared by a subordinate officer. We reverse and remand for a new trial.

The collision occurred at an intersection on a north-south, four-lane highway. The southbound and northbound inside lanes were designated left-turn lanes at the intersection. Defendant was making a left turn from the southbound left-turn lane through heavy northbound traffic when she was struck by plaintiff's car. Defendant testified she had stopped at the intersection and initially could not turn left because a pick-up truck with a camper or "shell" on its bed was stopped in the *outside* northbound lane, blocking the intersection. The pick-up truck driver backed up five or six feet and motioned to defendant to go ahead and turn. As defendant crossed in front of the

pick-up, the passenger side of her car was struck at a right angle by plaintiff's car, which presumably was off the main roadway and passing the stopped pick-up on its right side.

Plaintiff testified he approached the intersection in the outside northbound lane, and that the pick-up was stopped in the northbound *inside* or left-turn lane. Staying in the outside lane, plaintiff was passing the pick-up when suddenly, from in front of the pick-up, defendant's car appeared in plaintiff's lane. Plaintiff braked and swerved to the right, but too late to avoid the collision.

An Officer Greene apparently investigated the accident and reported it on Missouri Uniform Accident Report forms. Officer Greene did not testify and the original accident report was not produced. Instead, plaintiff had what he claimed was a photocopy of the original report, and tried to qualify the photocopy under the Uniform Business Records as Evidence Law, §§ 490.-660 to 490.690, RSMo.1978, through the testimony of a Sergeant Maganza, Officer Green's supervisor when the original report was made and who (according to plaintiff's photocopy) signed the original as the "Reviewing Officer." Sergeant Maganza affirmed on his direct examination that he had not had "an opportunity today before coming to court to run by the central office of the police department and pick up the original report" and that it "eventually or ultimately [could] have been done if [he] had had the time." Yet, the trial court allowed Sergeant Maganza to replicate on a blackboard and explain the part of the exhibit's accident scene diagram supposedly showing the position of the parties' automobiles when Officer Greene arrived at the scene. The diagram and testimony tended to corroborate plaintiff's account of the accident, and to negate defendant's claim in both her counterclaim and defense of contributory negligence that plaintiff negligently passed the pick-up truck on the right.

It was error for any evidence to come in through plaintiff's exhibit. Nothing in the exhibit itself was admissible under the Uniform Business Records as Evidence Law because, being an errant photocopy of an antecedent record, the exhibit was not made in the regular course of police department "business" nor is it a contemporary of what it purports to record. Section 490.680, RSMo.1978; *Bolling Company v. Barrington Company,* 398 S.W.2d 28, 30–31 (Mo.App.1965).

Nor was Sergeant Maganza's testimony on the exhibit admissible as proof of anything in the original accident report. He was not competent to testify on the post-accident location of the parties' cars, for he stated that as "Reviewing Officer" he knew only that Officer Greene's report was submitted in proper form. And if we assume that particular item in the original report would be admissible—i.e., among other things, it was based on Officer Greene's own observation or on information of others whose business duty it was to transmit such information to him, *see: Nash v. Sauerberger,* 629 S.W.2d 491, 492 (Mo.App.1981)— still it could not be proved by Sergeant Maganza's testimony. "It has been a uniform rule of evidence and so announced by our Supreme Court as early as the year 1830 ... that '[a] witness cannot testify to the contents either of a record or of any written instrument, unless its absence be accounted for.' " *Miller v. John Hancock Mut. Life Ins. Co.,* 155 S.W.2d 324, 326 (Mo.App.1941). Further, "[t]he occasions and the methods by which the absence of a writing may be accounted for are limited and the established standards are strict"— e.g., when the original has been lost, destroyed, or is outside the court's jurisdiction and not within the possession or control of a party. *Bolling Company v. Barrington Company,* 398 S.W.2d at 31. It is clear from Sergeant Maganza's testimony set out earlier that the absence of the original accident report was not "accounted for."

Accordingly, it was error for Sergeant Maganza to testify from plaintiff's exhibit, and we reverse and remand for a new trial.

We take up defendant's objections to the passing-on-the-right instructions because

they are likely to arise again on retrial. The pattern instruction for passing-on-the-right is MAI–17.10: "Defendant [or "plaintiff" in a defendant's instruction] passed the (*insert brief description of car passed*) car on the right." (Instructions in parentheses in original). The trial court modified the pattern instruction to read: "Plaintiff passed to the right of the pick-up truck on the shoulder." Defendant raises several points about the modification, which we answer thus: The gist of defendant's case is that plaintiff drove off "the paved or main traveled portion of the roadway" in violation of § 304.016, 2(5), RSMo.1978, to pass the pick-up on its right. MAI–17.10 should be modified to present defendant's case and to conform to the evidence. The modified instruction should follow the appropriate language in the statute.

We obviate discussion of defendant's remaining points on appeal by reversing and remanding for a new trial.

Reversed and Remanded.

REINHARD, P.J., and SNYDER, J., concur.