**2811 ASSOCIATES, LTD., Appellant,**

v.

**METROPLEX LIGHTING AND ELECTRIC, Appellee.**

**No. 05–88–00331–CV.**

Court of Appeals of Texas, Dallas.

Jan. 31, 1989.

Rehearing Denied March 10, 1989.

Benjamin H. Davidson, II, Dallas, for appellant.

Leonard A. Epstein, Dallas, for appellee.

Before STEWART, KINKEADE and OVARD [1], JJ.

KINKEADE, Justice.

2811 Associates, Ltd. appeals from a default judgment in favor of Metroplex Lighting and Electric. The judgment awarded Metroplex damages in the amount of $9,462.30 and also foreclosed a statutory mechanic's and materialman's lien against 2811's property. 2811 asserts that the trial court erred 1) in entering the default judgment because Metroplex's petition fails to state of cause of action; 2) in failing to grant 2811's motion to set aside the judgment; and 3) in failing to file findings of fact and conclusions of law as requested. We agree that Metroplex's petition fails to state a cause of action; therefore, we do not reach the remaining points of error. Accordingly, we reverse the trial court's judgment.

Metroplex furnished lighting supplies to Madeline V. Curry and Madeline V. Curry and Associates, Inc., a tenant in a building owned by 2811. The lighting supplies were furnished for leasehold improvement. Pursuant to their lease agreement, 2811 paid Curry for the lighting supplies; however, Curry failed to pay the sum over to Metroplex. Metroplex claimed damages against both Curry and 2811 and also asserted a statutory mechanic's and materialman's lien against 2811's building. Curry has not appealed the trial court's judgment.

A default judgment must be supported by a petition which states a cause of action against the defendant. *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725 (Tex.1982). In determining whether the plaintiff has stated a cause of action, the court must be able to determine from the pleadings alone the elements of the cause of action and the relief sought with reasonable certainty and without resorting to other sources. *Id.*

1. The Honorable John D. Ovard, Justice, succeeded the Honorable Joseph A. Devany, Justice at the expiration of Justice Devany's term effective December 30, 1988.

The Texas Property Code requires a materialman to act "under or by virtue of a contract with the owner or owner's agent ...." TEX.PROP.CODE ANN. § 53.021(a)(2) (Vernon 1984). In order to have a valid materialman's lien, the owner of the land affected must be a party to the contract creating the lien. *Inman v. Orndorff,* 596 S.W.2d 236, 238 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ]. A lien on real property cannot be established merely by virtue of a contract between a lessee of the property and the materialman. "If a lessee contracts for construction, the mechanic's lien attaches only to the leasehold interest, not to the fee interest of the lessor." *Diversified Mortgage Investors v. Lloyd D. Blaylock General Contractor, Inc.,* 576 S.W.2d 794, 805 (Tex.1978).

 In its petition, Metroplex has not alleged a contract with 2811 for the lighting supplies, but only a contract with Curry. Because Metroplex failed to allege any agreement with 2811, it cannot assert a statutory mechanic's and materialman's lien on 2811's building. Metroplex's own pleadings establish that it has no cause of action against 2811.

Metroplex contends that 2811 cannot complain for the first time on appeal that the petition failed to state a cause of action. It insists that 2811 waived its complaint by failing to point out the defect in its motion to set aside the judgment. The rule that defects in pleadings are waived unless written exceptions are filed "... shall not apply as to any party against whom default judgment is rendered." TEX.R.CIV.P. 90. Whether review of a default judgment occurs by appeal or by writ of error, this Court may examine the pleadings to determine whether they state a cause of action that supports the judgment. *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 645 (Tex.App.—Dallas 1987, no writ). Furthermore, under the new rules of procedure, a point in a motion for new trial is not a prerequisite to complain on appeal except:

(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

(4) A complaint of inadequacy or excessiveness of the damages found by the jury;

(5) Incurable jury argument if not otherwise ruled on by the trial court.

TEX.R.CIV.P. 324(b); *see also* TEX.R.APP.P. 52(d). 2811's complaint does not fall into any of the enumerated categories. Whether a petition states a cause of action is a matter of law. We hold that 2811 may complain that Metroplex's petition fails to state a cause of action for the first time on appeal. A petition which fails to state a cause of action cannot support a default judgment. *Fairdale Ltd.,* 651 S.W.2d at 726. Accordingly, we reverse the trial court's judgment and remand the case to the trial court for further proceedings in accordance with this opinion.