STATE of Missouri,
Plaintiff–Respondent,

v.

Lyn L. LEWIS, Defendant–Appellant.

No. 58879.

Missouri Court of Appeals,
Eastern District,
Division One.

May 28, 1991.

Ellen H. Flottman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Lyn Lewis, was convicted by a jury of rape in violation of § 566.030 RSMo Cum.Supp.1990. The trial court sentenced defendant as a persistent sexual offender, § 558.018 RSMo Cum.Supp.1990, to a term of forty years imprisonment without the possibility of parole. The sentence is consecutive to a previous sentence in another rape related offense. On appeal defendant claims the trial court erred: (1) in overruling his objections and admitting into evidence pursuant to § 491.075 RSMo 1986 hearsay statements attributed to a young child; and (2) in giving Instruction No. 4, patterned after MAI–CR 3d 302.04, defining reasonable doubt. We affirm.

Viewed in the light most favorable to the verdict, the evidence at trial established the following. On October 29, 1989, Marilyn was baby-sitting her nieces, T.M., age two, and F.R., overnight. Defendant, a friend of Marilyn, was also staying at the apartment. Around midnight Richard, Marilyn's boyfriend, heard a muffled sound. He went into the bedroom where T.M. and F.R. were sleeping. Richard observed defendant pulling his sweatpants up. He also observed defendant was sexually aroused. Richard saw T.M. laying on the bed with her clothing substantially removed and a towel across her face. Richard summoned Marilyn. Marilyn discovered blood and

broken skin between T.M.'s legs. Marilyn asked T.M. why she was crying. T.M. replied: "He made me pull my pants off," pointing to defendant. Defendant ran when Richard told Marilyn to call the police.

Marilyn took T.M. to St. Louis Children's Hospital. T.M. told the doctor defendant made her pull her pants down. Dr. Monafo testified he was unable to perform a detailed examination of T.M. because of the amount of blood present. From his limited examination, Dr. Monafo concluded T.M.'s injuries were consistent with blunt trauma to the vaginal area. On November 16, 1989, Dr. Nash examined T.M. Dr. Nash testified T.M. sustained internal injury consistent with penetration.

During trial the state called T.M. as a witness. She testified she was now three years old. However, she was unable to remember the rape. Defendant made no attempt to cross-examine T.M. The trial court made a finding that T.M. was unavailable due to her lack of memory. Hearsay statements regarding T.M.'s identification of defendant were admitted into evidence though the testimony of Richard, Marilyn and T.M.'s mother. T.M. identified defendant on three separate occasions: (1) immediately, in the apartment to Marilyn and Richard; (2) later that night to Dr. Monafo; and (3) the next morning to her mother.

In his first point relied upon, defendant alleges the trial court erred in admitting into evidence hearsay statements testified to by Richard, Marilyn and mother because § 491.075 RSMo 1986 is unconstitutional on its face and defendant was denied his right to confrontation because T.M. was unavailable for cross-examination. The first identification statement testified to by Marilyn and the statements testified to by Richard and mother were not contemporaneously objected to. Furthermore, in his motion for new trial defendant merely complained of the indicia of reliability sufficient to warrant admission of a portion of the hearsay statements. Therefore, there was no timely constitutional challenge and no pre-served error. Defendant requests plain error review pursuant to Rule 30.20.

■ Under plain error review, defendant bears the burden of demonstrating the trial court committed an error which "so substantially impacted upon his rights that manifest injustice or a miscarriage of justice will result if the error is left uncorrected." *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989). "Where guilt is established by overwhelming evidence, no injustice or miscarriage of justice results from a refusal to invoke the plain error rule." *State v. Meyers*, 770 S.W.2d 312, 315 (Mo. App.1989).

■ In the case at bar, the evidence of defendant's guilt was overwhelming and his guilt was established independent of the hearsay statements. Proof independent of admitted hearsay statements of the child included the following: defendant's written confession; Richard's testimony placing defendant in the room, unclothed with an erection; medical testimony confirming injury to the child consistent with penetration; and defendant's flight from the apartment at the mention of "police." Furthermore, where no objection is made, the admission of hearsay evidence is not plain error. *State v. Harper*, 778 S.W.2d 836, 839 (Mo.App.1989). Accordingly, defendant's first point is denied.

■ In his second point relied upon, defendant alleges the trial court erred in giving Instruction No. 4, patterned after MAI–CR 3d 302.04, defining "reasonable doubt" as "proof that leaves you firmly convinced of defendant's guilt." Defendant argues this instruction allowed the jury to find him guilty based upon a degree of proof below that required by the due process clause. Defendant acknowledges the court in *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), held the predecessor to MAI–CR 3d 302.04, MAI–CR 2d 2.20, properly instructs the jury in evaluating the evidence and making a determination of guilt or innocence. However, he requests us to reconsider under plain error the holding in *Antwine* in light of *Cage v. Louisiana*, —— U.S. ——, 111

S.Ct. 328, 112 L.Ed.2d 339 (1990). We have no authority to consider the request. Art. V, § 2 Constitution of Missouri. Accordingly, we find no error, plain or otherwise.

Judgment affirmed.

PUDLOWSKI, P.J., and SIMON, J., concur.