STATE of Missouri, Plaintiff–Respondent,

v.

Ronald CUNO, Defendant–Appellant.

Ronald CUNO, Movant,

v.

STATE of Missouri, Respondent.

Nos. 61359, 63144.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 18, 1994.

Michael A. Suire, Asst. Public Defender, Clayton, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant was found guilty in a jury trial of one count of second degree burglary in violation of § 569.170 RSMo (1986). Defendant's motion for a new trial was overruled and he was sentenced as a prior and persistent offender to seven years imprisonment. He subsequently and timely filed a Rule 29.15 motion. The motion court denied defendant's motion without an evidentiary hearing. Defendant's appeal of both his conviction and denial of his 29.15 motion without hearing are consolidated herein.

Defendant was found guilty of burglarizing the victim's home. It had been broken into and several of the victim's belongings had either been removed or were being carried out when he arrived on the scene. The victim managed a brief glimpse of one of the burglars and later identified defendant as that individual. It was determined that the burglars used a pipe to gain entry to the victim's apartment. This pipe was found on the victim's bed. Defendant's fingerprint was found on the pipe.

During trial, the prosecution introduced the police report and evidence gathered from the crime scene via Officer Ragsdale, a police officer otherwise unrelated to the investigation. The officer who actually filed the report and marked the collected evidence, Officer Svaglic, was unavailable to testify. Although defense counsel objected to the fact that the prosecutor endorsed Officer Ragsdale late in the proceedings, he failed to object to any of the testimony when Officer Ragsdale actually introduced the report into evidence.

■ Defendant now objects on appeal to the trial court's admission of this testimony as hearsay. However, because defendant's counsel failed to object to the testimony when it was offered, he failed to preserve the issue for review. It is well established law in Missouri that hearsay which is admitted without objection may properly be considered as evidence by the trier of fact. *Ruffin v. Clinton*, 849 S.W.2d 108, 113 (Mo.App. W.D.1993); *State v. Mahany*, 748 S.W.2d 762, 765 (Mo.App.E.D.1988). Even though there may have been an earlier objection, counsel must object to the specific testimony

when it is offered. *State v. Stidum*, 684 S.W.2d 448, 450 (Mo.App.E.D.1984).

■ Even were we to review for plain error, the reports and evidence fully satisfy the requirements of admissible hearsay as set out under § 490.680 RSMo 1986 or Missouri's Uniform Business Records as Evidence Law and were, therefore, properly admitted. *See e.g., State v. Jordan*, 664 S.W.2d 668, 672 (Mo.App.E.D.1984). The Business Records Law allows the admission of relevant evidence if "the custodian ... testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event ...," and if the trial court decides that the conditions surrounding the preparation of the report justify its admission as evidence. § 490.680 RSMo 1986; *State v. Taylor*, 486 S.W.2d 239, 242 (Mo. 1972).

In the case at hand, Officer Ragsdale was qualified as an Evidence Technician Unit officer and custodian. He properly testified as custodian of the records as to the means and methods generally followed in the preparation of such reports. He was able to identify the work of Officer Svaglic and testify to the documents' authenticity and timeliness. Also, he was not testifying to any otherwise inadmissible hearsay contained within the reports. *See e.g., Nash v. Sauerberger*, 629 S.W.2d 491, 492–93 (Mo.App.E.D.1981). Therefore, even had defense counsel timely objected, the reports were properly admissible as business records.

Defendant's other issues on appeal all concern allegations of ineffective assistance of counsel. He appeals from the motion court's denial of his 29.15 motion without a hearing. Specifically, defendant contends that his counsel was ineffective because: 1) he failed to object to hearsay testimony; 2) he called a witness who gave damaging testimony; and 3) he failed to fully develop the testimony of other witnesses and to elicit information which would have cast the testimony in a light more favorable to the defendant. He claims these issues of ineffectiveness denied him his rights to due process and equal protection of the laws of the United States and Missouri.

■ Defendant's first allegation of ineffective assistance of counsel, based on his counsel's failure to object to hearsay testimony, is summarily denied since it is raised here for the first time on appeal. An issue must first be raised in a defendant's 29.15 motion for post-conviction relief to be preserved for review. *State v. Dunlap*, 811 S.W.2d 492 (Mo. App.E.D.1991). In order for defendant to prevail on his other two grounds for ineffective assistance of counsel, he must satisfy the well established two prong test set out in *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). He must show: 1) his counsel's conduct was unreasonably deficient, and 2) this deficiency resulted in prejudice to his defense. *Id.*

However, to show that he was entitled to an evidentiary hearing on these issues, defendant's motion must set forth "facts, not conclusions, that warrant relief, the facts stated must be unrefuted by the record, and the facts complained of must have resulted in prejudice to movant." *State v. Yarber*, 829 S.W.2d 479, 482 (Mo.App.E.D.1992); *Ducept v. State*, 772 S.W.2d 7, 9 (Mo.App.E.D.1989). On appeal, our review is limited to whether the findings, conclusions and judgments of the motion court were clearly erroneous. Rule 29.15(j); *State v. McElroy*, 838 S.W.2d 43, 48 (Mo.App.E.D.1992).

■ The motion court correctly denied defendant's next ground for ineffective assistance—that his counsel had called a witness which adversely affected his defense. Generally, the decision of which witnesses to call at trial is an element of trial strategy and does not support a finding of ineffective assistance of counsel. *Leisure v. State*, 828 S.W.2d 872, 876, 878 (Mo. banc 1992); *Johnson v. State*, 776 S.W.2d 456, 457 (Mo.App.E.D.1989). Even where testimony turns out to be adverse to a defendant's interest, it does not necessarily follow that the counsel's efforts were ineffective. *Barnett v. State*, 776 S.W.2d 928, 929 (Mo.App.E.D.1989).

■ Since the prosecutor declined to summon an officer, who also investigated the crime scene, defense counsel called this officer to testify. The prosecutor had refused to

do so despite several urgings and demands by the defense. This decision constituted a calculated evaluation and strategy of the defense counsel. Although this tactic was unsuccessful, the pursuit does not make counsel's judgment reversibly ineffective.

 Defendant's final claim for ineffective assistance of counsel is that his attorney failed to discover and utilize favorable facts or testimonial evidence. Specifically, defendant argued in his motion that his counsel failed to determine the original location of the pipe used to break into the victim's home. Although defendant later alleged some nexus between this original location and his innocence in his motion on appeal, we must evaluate the claim based solely on his 29.15 motion. The motion court ruled that defendant's claim failed to allege grounds for prejudice relating to any such failure. We do not find this ruling clearly erroneous and therefore will not overrule it. *State v. Jones*, 863 S.W.2d 353, 360 (Mo.App.W.D.1993).

Both the judgment and denial of post-conviction relief are affirmed.

SIMON, P.J., and KAROHL, J., concur.