**STATE of Missouri, Respondent,**

v.

**Charles S. HAMILTON, Appellant.**

**Charles S. HAMILTON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 62738, 65666.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 14, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Charles Hamilton, appeals convictions of one count of first-degree burglary, one count of kidnapping, one count of rape, four counts of sodomy, and seven counts of armed criminal action. Defendant also appeals the denial of his motion for post-conviction relief pursuant to Rule 29.15. This consolidated appeal follows. We affirm.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. On February 27, 1991, A.R. left his home at approximately 7:00 a.m. to go to work. His wife L.R. was awake when he left. Their two-year-old son was asleep in the back of the house. Shortly after A.R. left, defendant drove up to the house and parked in front. Defendant stared at the house for awhile. He finally approached the door and knocked. L.R. knew defendant. She allowed him to come in to use the bathroom.

After defendant came out of the bathroom, he came up behind L.R. and began to stroke her hair, while making suggestive remarks. L.R. ran to the door and opened it, gesturing for defendant to leave. Defendant slammed the door shut, punched L.R., threatened her and her son and forced her to disrobe. After brandishing scissors, he then committed acts that constituted rape and four counts of sodomies. Before he left, he told her about his use of drugs, his theft of some money, and a plan to kill himself.

L.R. reported the crimes to her husband. They reported them to the police. The police arrested defendant at his home less than a week later. Defendant was subsequently indicted for one count of burglary in the first degree, one count of attempted robbery in the first degree, one count of kidnapping, one count of rape, four counts of sodomy, and eight counts of armed criminal action.

At his trial, defendant testified he did not engage in any form of sexual conduct with L.R. on February 27, 1991. Defendant, who was college educated, testified he was stressed by his job responsibilities and problems at home. He discovered on February 26 that his wife was going to file for divorce. He claimed prior experiences with L.R. during which they had comforted each other, both emotionally and physically, over their various problems with their lives and their spouses. Defendant testified that on the morning of February 27, he was preparing to commit suicide. He called L.R. early in the morning and revealed his state of mind. She invited him over to talk about it as they had done in the past. She invited him to go downstairs to talk because the baby was sleeping. When he sat down on the couch, he was stuck by scissors he had put in his pocket earlier that day after cutting off a loose button. He put the scissors on the floor. L.R. wanted to have sex, but he declined, because he had become religious and was tired of fornication and adultery. L.R. was upset he would not have sex with her. When the child woke up, he took advantage of the distraction and left.

According to defendant, he spent the next few days primarily in a barn outside Kansas City plotting various suicide attempts. Finally, he returned to his house and took an overdose of medication. When he awoke, he was in the hospital. He was coming out of the coma when the police officers came and falsely accused him of assaulting L.R. Defendant denied being read his Miranda rights, could not remember any examination at Regional, and "most equivocally" denied having made the statements in the patrol car on the way to jail. Defendant said that day in court was the first time anybody ever asked his side of the story.

The jury convicted defendant of burglary, kidnapping, rape, four counts of sodomy, and

the accompanying armed criminal action charges. The jury acquitted defendant of attempted robbery and the related armed criminal action count.

Defendant was sentenced as a prior offender on September 15, 1992, to five concurrent twenty-year terms of imprisonment for the sexual offenses to be served consecutively with nine concurrent five-year terms for the remaining offenses, for a total of twenty-five years. A notice of appeal was filed September 21, 1992.

Defendant filed a *pro se* motion for post-conviction relief on October 21, 1992. An amended motion was filed May 5, 1993, in which defendant made several claims of ineffective assistance of counsel. Defendant subsequently sought to depose Karen Trail, Custodian of Records of Christian Hospital Northeast, and subpoenaed all of the victim's medical records. Counsel for the hospital filed a motion to quash the subpoena. After a hearing, the court sustained the motion. Defendant's deposition was taken on July 8, 1993. The evidentiary hearing was held on November 12, 1993, and consisted of testimony by defendant's trial counsel and a friend of defendant.

The motion court entered "Findings of Fact and Conclusions of Law" denying relief on January 19, 1994. A notice of appeal from the denial of post-conviction relief was filed February 8, 1994. Defendant presents five points in this consolidated appeal. Points I, IV, and V involve defendant's claim of ineffective assistance of counsel. For clarity, we address them together.

In Point I, defendant argues the motion court clearly erred in denying his motion for post-conviction relief pursuant to Rule 29.15, because trial counsel, Stanford Richardson, had represented state's witness Leroy Bonner, as well as potential defense witness Craig Morton. Defendant argues these representations constituted an actual conflict of interest that adversely affected Richardson's performance. Specifically, defendant claims Richardson failed to investigate and present a defense for defendant that would implicate Bonner or Morton in a crime, and Richardson failed to cross-examine Bonner at all at trial. Defendant states this conflict was nei-

ther disclosed to the trial court nor knowingly and intelligently waived by defendant.

■ Review of the motion court's decision is limited to a determination of whether the judgment of such court is clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The judgment is presumed correct and deemed clearly erroneous only if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Antwine v. State,* 791 S.W.2d 403, 406 (Mo. banc 1990).

■ To establish ineffective assistance of counsel, a movant must establish two separate elements: (1) his attorney failed to conform his representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 689–692, 104 S.Ct. 2052, 2065–67, 80 L.Ed.2d 674 (1984). To satisfy the second prong, defendant must establish a reasonable probability that, but for the alleged errors of counsel, the result of his trial would have been different. *Id.* at 697, 104 S.Ct. at 2069–70.

Defendant states his trial attorney, Stanford Richardson, had represented both state's witness Bonner and potential defense witness Morton, in addition to representing defendant. Richardson, Bonner, Morton, and defendant were all fraternity brothers in college. Defendant claims these varying relationships prevented Richardson from exercising independent judgment in defending him. The motion court found as follows:

> While there was evidence that Movant's trial counsel had represented Craig Martin [sic] prior to his representation of Movant and subsequently [sic] to his representation of Movant, there was no evidence that trial counsel had represented Craig Martin [sic] at the time he represented Movant on the charges in cause number 91CR–1506.
>
> \*     \*     \*     \*     \*     \*
>
> There was no credible evidence that trial counsel represented the State's witness, Leroy Bonner, at the time trial counsel represented Movant nor that there was any conflict of interest.

■ Until a defendant shows his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Defendant has failed to meet this burden with respect to both Bonner and Morton, and the motion court so found.

■ Defendant claimed in his motion the failure to cross-examine Bonner was the result of a conflict of interest based on Richardson's prior representation of Bonner. During his deposition, defendant stated Bonner went to see Richardson about drawing up a will while the case was pending. Defendant said Bonner dropped the matter of the will when Richardson refused to tell him anything about the status of defendant's case. Although defendant stated at his deposition he did not want Richardson to call Bonner as a witness, Bonner was called as a state's witness, and defendant claims he wanted him to be cross-examined about his knowledge of A.R. as a marijuana seller. According to defendant, Richardson did not want to interject the drug issue into the case.

Defendant has failed to meet his burden of proof there was an actual conflict of interest with regard to Bonner. As noted by the motion court, defendant did not present Bonner as a witness at the evidentiary hearing. Likewise, there was no credible evidence Richardson ever represented Bonner. Defendant had an opportunity to question Richardson on his relationship with Bonner, but never asked Richardson any questions regarding Bonner, much less whether he had previously represented him on any matters. The only evidence on these claims consisted of defendant's testimony. His statement is purely speculative in that he did not call Bonner as a witness at the evidentiary hearing and his allegation that Bonner was a marijuana user is unsupported by the record. Speculation as to what a witness might have said if called at trial is insufficient to establish the required prejudice. *Terry v. State*, 770 S.W.2d 723, 724 (Mo.App.E.D.1989).

■ With regard to potential defense witness Morton, defendant argues Richardson had previously represented Morton in divorce proceedings and was currently representing him in a domestic matter at the time of the evidentiary hearing. Defendant then states Morton was in danger of losing custody of his children and the fact that Morton was a drug user would have had an adverse effect on his cause. He claims Richardson was not willing to pursue his "true defense" that he in fact went to the A.R. and L.R.'s home on the morning of the alleged assault to purchase marijuana, because it would have caused difficulties to his friend and client, Morton.

At the evidentiary hearing, Richardson testified he was currently representing Morton in his third divorce proceeding. He explained he was aware Morton was divorced in 1984. At that time, Morton was given custody of his children. In 1986, Richardson represented Morton in a second divorce. At the time of his second divorce, around 1985 or 1986, Morton's first wife was concerned about his having custody of the children because of alleged drug use and the home environment for the children. Richardson admitted if the first wife had filed for custody around the time of the second divorce, any alleged drug use by Morton would have had an adverse effect. However, there was no evidence, and Richardson was unaware of any, that the first wife had ever filed for custody.

The second divorce occurred in 1986, defendant's professional contact with Richardson began in 1991, and the trial was 1992. There was no evidence Richardson was representing Morton at the same time he was representing defendant. As noted by the motion court, Morton did not testify at the evidentiary hearing.

Furthermore, defendant's claim that, but for this alleged conflict of interest, Richardson would have pursued the defense that defendant was at the house to purchase drugs by showing Morton knew A.R. sold marijuana and Morton used it himself is unsupported by the record. Defendant asked Richardson to call Morton. Richardson, in fact, called Morton and talked to him about whether he used drugs and whether A.R. and L.R. sold them. Morton said no to these

questions. After Richardson told defendant that Morton denied using drugs with A.R., defendant never renewed his request to call Morton.

Richardson testified he made a decision not to put Morton on the stand because Morton would have testified he did not use marijuana and A.R. did not sell marijuana. He told defendant he could not disprove this without an investigator and defendant did not have funds to hire an investigator. Richardson testified he offered to withdraw so defendant could obtain the services of a public defender, but defendant did not want Richardson to withdraw.

Other than defendant's testimony, there was no evidence a conflict of interest existed with regard to either Bonner or Morton. The motion court chose not to believe defendant's testimony, and we defer to that finding. *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991). Point I is denied.

In Point IV, defendant claims the motion court clearly erred in denying his 29.15 motion, because trial counsel failed to object to the following: (1) L.R.'s testimony that defendant told her he had been using cocaine and had stolen money from his father, (2) L.R.'s testimony that she changed her mind about not going to the police because she was urged to by defendant's wife, (3) Brian Booker's testimony that A.R. told him someone tried to rape his wife, and (4) Officer Simora's testimony that defendant had refused to make a statement and instead requested an attorney. We address each of these separately.

First, defendant claims counsel was ineffective for failing to pursue exclusion of evidence regarding statements made by defendant to L.R. that his wife would not have anything to do with him because he had been using cocaine, that he had been "coking" all night, and that he had stolen money from his father. Defendant claimed this testimony constituted evidence of uncharged offenses, bad acts, or misconduct, and counsel was ineffective for failing to preserve this claim with a timely objection.

■ Ineffective assistance of counsel will not be established based solely on counsel's failure to object. *Antwine*, 791 S.W.2d at 410. Furthermore, defense counsel will not be found ineffective for failing to object when no valid objection could be made. *Id.* at 411.

■ The motion court found these statements "were related by [defendant] to the victim contemporaneously with the commission of the acts for which [defendant] was convicted, and would have been admissible despite any objection which could have been made by trial counsel." At the evidentiary hearing, defense counsel admitted he did not object to this testimony. He also stated, "In my professional experience, when objections are made that stand more of a chance of not being sustained for the defendant or for me, I think the only thing [objecting] does is cast the attention of the jury to that particular subject that is being objected to."

■ The motion court's conclusion was not clearly erroneous. Although evidence of the commission by a defendant of other crimes or bad acts separate and distinct from the crime for which he is charged is generally inadmissible, when admissible evidence is inseparable from evidence that implicates defendant in another crime, the evidence is usually admissible in its entirety. *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App. 1992). The issue of separability, admissibility, and relevancy are all left to the discretion of the trial court. *Id.* If there is any doubt as to relevancy, the settled rule is that the evidence should go to the jury to enable them to draw their own inferences from it. *State v. Rowe*, 838 S.W.2d 103, 111 (Mo.App. E.D.1992).

■ The contested evidence in this case was admissible in its entirety because it was relevant and inseparable. The state is entitled to introduce evidence of the circumstances surrounding the offense charged, and the relevant circumstances may include other crimes. *State v. Wacaser*, 794 S.W.2d 190, 194 (Mo. banc 1990). The state may paint a complete picture of the crime charged and need not sift and separate the evidence. *Henderson*, 826 S.W.2d at 374. Evidence of uncharged crimes that are part of the circumstances or sequence of events surrounding the charged offense is admissible. *State*

*v. Harris,* 870 S.W.2d 798, 810 (Mo. banc 1994).

The statements in this case were part of the complete picture. L.R. testified defendant talked throughout the assault. He talked about how he had destroyed his life and he was going to kill himself. He claimed he had been "coked up" all night and had stolen money from his father. The result of this talk was that L.R. was terrified. When he would order her to perform sex acts, she complied because of her terror. Because the statements were inseparable from the actual crimes themselves, any objection would have been meritless and the failure to make such objection will not support a finding of ineffective assistance of counsel.

■ Second, defendant claims counsel was ineffective for failing to object on the ground of evidence of future dangerousness to L.R.'s statement that she decided to go to the police after she realized it was the right thing to do, based on conversations with her husband and defendant's wife and their concerns that if she did not report the crime, defendant might hurt someone else. At trial, Richardson objected to this testimony on the grounds of hearsay, and the objection was sustained. The state responded this evidence explained why the victim overcame her reluctance to call the police and her subsequent conduct. The trial court reversed its previous ruling and allowed the state to adduce evidence that L.R.'s husband and defendant's wife encouraged her to call police because if she did not, defendant might hurt someone else.

In his motion, defendant claimed trial counsel should have objected to this evidence as both hearsay and evidence of defendant's future dangerousness based on past uncharged acts. The motion court denied relief after finding there was no testimony to support a finding that an objection based on prejudice for uncharged acts would have been meritorious.

■ Testimony offered to explain conduct rather than prove the truth of the facts asserted is not inadmissible hearsay. *State v. Culkin,* 791 S.W.2d 803, 810 (Mo.App.1990). Here, the testimony was offered to show why

L.R. changed her mind about going to the police. Although she had great reluctance to submit herself to the process that a rape victim must undergo, she finally decided to go after being convinced it was the right thing to do, partly because of the need to protect others.

Defendant failed to present before the motion court any other basis for sustaining an objection to this evidence. On appeal, the only case he cites to support his claim that this testimony constituted impermissible evidence of defendant's future dangerousness involves the issue of the scope of a prosecutor's closing argument. Cases regarding prosecutor's comments on matters not in evidence and the need to put defendant in jail for a long time to protect others are inapplicable in this context, where the victim is explaining why she went to the police after she was assaulted. Defendant has provided no authority or evidence to meet his required burden of proving either incompetence or resulting prejudice based on his counsel's failure to object to these statements.

■ Third, defendant claimed counsel was ineffective for not objecting to exclude Booker's testimony that A.R. told him someone had tried to rape his wife. After the evidentiary hearing, the motion court denied relief on this claim after a finding there was no proof defendant was prejudiced.

■ In general, hearsay testimony is disfavored by courts, because the person who makes the statement offered is not under oath and is not subject to cross-examination. *State v. Robinson,* 484 S.W.2d 186, 189 (Mo. 1972). However, even if the court finds hearsay evidence was improperly admitted, the conviction will be reversed only if defendant can prove both error and prejudice. *State v. Isa,* 850 S.W.2d 876, 895 (Mo. banc 1993). Prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination. *Robinson,* 484 S.W.2d at 189. Had counsel made an objection, it would not have been sustained. A.R. testified he made the statement to Booker and was subject to cross-examination. Thus the

motion court's ruling was not clearly erroneous. Any objection to this testimony would have been meritless and therefore will not serve as a basis for finding ineffective assistance of counsel. *Antwine,* 791 S.W.2d at 411.

Fourth, defendant argues counsel was ineffective for failing to object to Officer Simora's testimony that defendant refused to make a statement and expressed his desire for an attorney, which was offered to rebut defendant's contention that no one had ever asked him his side of the story. Rebuttal evidence may directly or indirectly explain, counteract, repel, or disprove a defendant's evidence either directly or by implication. *State v. Moiser,* 738 S.W.2d 549, 565 (Mo. App.1987). The determination of the scope of rebuttal is soundly within the trial court's discretion. *Id.* Absent a gross abuse of that discretion, we will not reverse the trial court's decision. *Id.*

The key determination is whether the defense first tendered the issue during direct examination or volunteered it on cross-examination. *State v. Higginbotham,* 765 S.W.2d 352, 356–357 (Mo.App.1989). When a defendant has injected an issue into the case, the state may be allowed to admit otherwise inadmissible evidence to explain or counteract a negative inference raised by the issue defendant injects. *State v. Lingar,* 726 S.W.2d 728, 734–735 (Mo. banc 1987). Defendant may not complain about matters brought into the case by his own evidence— in fact, brought in by his own statements. *State v. James,* 805 S.W.2d 333, 335 (Mo.App. 1991).

Officer Simora's testimony directly rebutted defendant's contention that no one had ever asked him his version of events. The trial court properly received it as such. Trial counsel's objection to the admission of such evidence would have been meritless, and his failure to do so will not render him ineffective. For the reasons presented in the discussion of the four sub-points, Point IV is denied.

In Point V, defendant argues the motion court clearly erred when it quashed the subpoena duces tecum of L.R.'s medical records because she had waived any privilege attached to those records when she testified at defendant's trial about her medical condition and the rape kit taken at the hospital. Defendant claims the records were necessary to show the prejudice arising from the ineffective assistance of counsel defendant received when trial counsel failed to obtain or even request the medical records before trial.

On August 20, 1993, defendant filed a notice to depose the Custodian of Records of Christian Hospital Northeast and a subpoena duces tecum for production of "medical records of [L.R.] including but not limited to those reflecting examination and treatment and consultation on or about February 27, 1991." The hospital filed a motion to quash asserting the physician-patient privilege, which she had not expressly waived. Defendant filed a response, arguing the privilege had been waived when L.R. testified at the criminal trial. On September 17, 1993, a hearing on the motion to quash was held. The motion court quashed the subpoena duces tecum on September 27, 1993.

The motion court was not clearly erroneous in quashing the subpoena duces tecum for L.R.'s medical records. A motion court in a 29.15 proceeding only has jurisdiction to hear evidence on claims raised in a timely filed *pro se* and/or amended motion. Rule 29.15(d); *State v. Givens,* 851 S.W.2d 754, 765 (Mo.App.E.D.1993). Defendant concedes he did not raise any claims in his post-conviction motions alleging counsel was ineffective for failing to obtain L.R.'s medical records. Thus, a claim the motion court erred regarding a claim that was not presented to the motion court in a properly verified post-conviction motion may not be reviewed for the first time on appeal. *Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990). The Supreme Court's rules for post-conviction relief make no allowance for excuse. *Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990). Point V is denied.

Defendant's two remaining points involve his direct appeal. In Point II, defendant alleges the trial court plainly erred in permitting the prosecutor to elicit testimony from state's witnesses Booker and Bonner that

A.R. told them L.R. had been sexually assaulted. In support of this, defendant claims such testimony was hearsay that was not admissible under any exception to the hearsay rule, and it improperly bolstered the testimony of A.R. and was not offered to impeach him.

■ Defendant concedes this point was not properly preserved for appeal; therefore we review for plain error. Rule 30.20. Defendant must prove an alleged error is of such magnitude that it constitutes plain error. *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App.1991). The assertion of plain error places a much greater burden on defendant than when he asserts prejudicial error. *Id.* A defendant must not only show prejudicial error resulted, he must further show the error so substantially affects his rights that manifest injustice or a miscarriage of justice will inexorably result if left uncorrected. *Id.*

■ At trial, A.R. testified he was summoned home by his wife. When he arrived, she told him defendant had assaulted her. A.R. was leaving to find defendant when he encountered Brian Booker, his neighbor, outside. Booker asked why he looked so strange, and A.R. told him of the assault. Booker subsequently testified when he saw A.R., he looked upset. When asked, A.R. said someone had tried to attack his wife.

A.R. also called Bonner, who testified he went to see defendant in the hospital because A.R. had called and told him defendant had sexually assaulted L.R. Bonner testified during the visit, defendant told Bonner he did not remember doing any of the things of which he was accused. Defendant chose not to cross-examine Bonner.

■ Defendant claims the testimony of Brian Booker and Bonner about A.R.'s statements was inadmissible hearsay used to bolster the testimony of A.R. and the admission of this evidence denied him of his constitutional confrontation rights. In general, hearsay testimony is disfavored by courts because the person who made the statement offered is not under oath and is not subject to cross-examination. *Robinson*, 484 S.W.2d at 189. However, the jury is allowed to consider inadmissible hearsay admitted into

evidence without objection. *State v. Cuno*, 869 S.W.2d 285, 286 (Mo.App.E.D.1994). Furthermore, where no objection is made, the admission of hearsay evidence is not plain error. *State v. Lewis*, 809 S.W.2d 878, 879 (Mo.App.1991).

However, even if a timely objection had been made, the admission of this hearsay testimony would not warrant reversal, because defendant must prove both error and prejudice. *Isa*, 850 S.W.2d at 895. Prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination. *Robinson*, 484 S.W.2d at 189. Here, A.R. testified at trial about statements he made to others regarding the assault on his wife and was subject to cross-examination. Thus, there was no prejudice in the admission of this evidence. Accordingly, defendant's second point is without merit.

■ In Point III, defendant claims the trial court plainly erred in permitting the prosecutor to present evidence regarding defendant's refusal to make an exculpatory statement after his arrest and regarding defendant's right to counsel. Specifically, defendant argues the admission of Officer Simora's testimony that he had read defendant his Miranda rights in the hospital, but defendant would not talk to him and instead said he wanted to talk to an attorney, denied him of his right to the assistance of counsel and his privilege of self-incrimination.

Defendant concedes this issue was not preserved for appeal; thus, we review for plain error under Rule 30.20. As we stated in the discussion of Point IV, Officer Simora's testimony was admissible as rebuttal evidence. Thus, the admission of such does not constitute error, plain or otherwise. Point III is denied.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.